**Affirmed in Part and Reversed and Remanded in Part and Opinion filed September 29, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-01100-CV

---

### JANNA RUSSELL, Appellant

### V.

### DAVID CHRISTOPHER RUSSELL, Appellee

---

**On Appeal from the 246th District Court
Harris County, Texas
Trial Court Cause No. 2007-65512**

---

## O P I N I O N

In this appeal after remand, appellant Janna Russell contends that the trial court failed to comply with this court's opinion and mandate by refusing to award her reasonable attorney's fees and costs in connection with her action for contempt and enforcement against her former husband, David Christopher Russell. In nine issues, Janna argues that she presented uncontroverted evidence that she incurred reasonable attorney's fees and costs totaling $122,195.00 and is entitled to a

rendition of judgment for that amount. In response, Chris argues that the trial court complied with this court's instructions and correctly denied Janna's request for attorney's fees and costs because the amount requested was excessive. We reverse and remand for a new trial on attorney's fees, and affirm the remainder of the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Janna and Chris were divorced in 2008. In 2009, Janna filed a motion for contempt and enforcement, contending that Chris had violated several provisions of the parties' Agreed Final Decree of Divorce (the "Decree") and an incorporated Agreement Incident to Divorce, titled "Property Division." The proceedings that followed are recounted in this court's opinion in *Russell v. Russell*, No. 14-10-00494-CV, 2012 WL 3574713 (Tex. App.—Houston [14th Dist.] Aug. 21, 2012, pet. denied) (mem. op.) ("*Russell I*"). As explained in *Russell I*, after several hearings, the trial court awarded Janna a judgment for $1,224.00 for unreimbursed medical expenses incurred on behalf of a child and $15,799.00 for funds previously ordered to be paid into an Amegy Bank UGMA[1] Savings Account (the "UGMA account") on the child's behalf. *Id.* at *1–2. However, the trial court did not award Janna additional child-support arrearages she sought or attorney's fees.

In her first three appellate issues in *Russell I*, Janna asserted that she was entitled to attorney's fees and costs based on: (1) Family Code section 157.167; (2) Family Code section 9.014; and (3) a fee-shifting provision in the Property Division incorporated into the Decree. *Id.* at *2. The *Russell I* court first considered whether Janna was entitled to attorney's fees and costs under section 157.167. That section provides that a trial court "shall" award the movant's reasonable attorney's fees and costs if it finds that the respondent has failed to

---

[1] *See* Tex. Prop. Code §§ 141.001–.025 (Texas Uniform Transfers to Minors Act).

make child support payments. *See* Tex. Fam. Code § 157.167(a). However, the statute also provides that a trial court may waive this requirement if good cause is shown and the trial court states the reasons supporting the good-cause finding. *Id.* § 157.167(c).

The *Russell I* court noted that (1) Janna's pleadings referred to her request for medical support as child support, (2) case law recognizes that medical support is an additional child-support obligation, and (3) Janna both pleaded for and presented evidence to support an award of attorney's fees. *Id.* at *3. Moreover, the trial judge had awarded Janna $1,224.00 in medical support, but gave no reasons within its findings of fact and conclusions of law or its judgment to support its failure to award reasonable attorney's fees to Janna. *Id.* Accordingly, the *Russell I* court held that "the trial court abused its discretion by failing to award attorney's fees without stating good cause." *Id.* The court also rejected Chris's argument that the judge was not obligated to award attorney's fees because Chris was not held in contempt. *Id.* at *4. Having found that the trial court erred by failing to award attorney's fees without stating good cause, the court did not address Janna's remaining issues regarding attorney's fees. *Id.* at *4 n.2. The court also sustained another of Janna's issues in which she contended that that the trial court erred by failing to award Janna a child-support arrearage of $166.78. *Id.* at *5. The remainder of the trial court's judgment was affirmed.

Ultimately, the *Russell I* court reversed that portion of the trial court's judgment denying an award to Janna of reasonable attorney's fees, as well as the child-support arrearage of $166.78 plus prejudgment and post-judgment interest on that amount, and remanded the case to the trial court for further proceedings consistent with its opinion. *Id.* at *7. Chris sought review by the Supreme Court of Texas, but his petition for review was denied.

3

On remand, Janna moved for an award of the additional arrearage and her attorney's fees and court costs pursuant to the *Russell I* court's opinion and mandate, arguing that she was entitled to her fees under both section 157.167 and a fee-shifting provision in the Property Division that was incorporated into the Decree.[2] Janna sought a hearing on her motion, but the trial court declined to hold a hearing. Instead, on August 13, 2013, the trial court faxed a handwritten rendition of its judgment on remand, which was memorialized in a written order signed on September 10, 2013. In the order, the trial court awarded Janna a judgment for $166.78 plus pre-judgment and post-judgment interest. However, the court denied Janna an award of attorney's fees: "The Court finds that David Christopher Russell is not in contempt, therefore, awards no attorneys fees. Attorney fees are denied at this time." The September 10, 2013 order is the subject of this appeal.

Janna moved for a new trial. At a hearing on her motion, Janna argued that *Russell I* provided that the trial court's decision not to hold Chris in contempt was not a basis for refusing to award fees, and that the case was remanded for the purpose of awarding attorney's fees to Janna. The trial judge stated that he did not believe an award of attorney's fees was appropriate and orally denied the motion. The judge also suggested that if the court of appeals believed attorney's fees should have been awarded and the record established the amount of those fees, it would have reversed and rendered, rather than remanding the case back to him. Further, the trial judge at one point said he did not award attorney's fees in part because they were "excessive in the particular instance"; however, he later stated that he believed that "those fees were reasonable" and should be paid by Janna, but that Chris should not be made to pay them.

---

[2] Janna did not assert, as she had in *Russell I*, that she was also entitled to an award of reasonable attorney's fees and costs under Family Code section 9.014. *See Russell I*, 2012 WL 3574713, at *2. Nor does she assert this ground on appeal.

Janna moved for findings of fact and conclusions of law. Chris also filed proposed findings of fact and conclusions of law. In November 2013, the trial court issued its findings of fact and conclusions of law. Relevant here are the following:

4. The Court hereby finds on August 13, based upon the record and the court file, this Court ruled on Janna Russell's Motion and filed and faxed a letter to the parties, thereby rendering its ruling.

5. The Court hereby finds that the final Order of September 10, 2013, based on the rendered ruling of August 13, 2013, provides as it provides.

6. The Court hereby finds that the Order of September 10, 2013 was made based upon review and reconsideration of the trial record and evidence.

The trial court did not include proposed findings of fact submitted by Chris to support a finding of good cause, and declined to file amended and additional findings Janna requested. This appeal followed.

## ISSUES AND ANALYSIS

On appeal, Janna raises nine issues: (1) the trial court abused its discretion on remand in failing to award attorney's fees to Janna pursuant to the opinion and mandate in *Russell I*; (2) the trial court abused its discretion in failing to award attorney's fees to Janna in accordance with Texas Family Code section 157.167; (3) the trial court erred as a matter of law in failing to award attorney's fees to Janna; (4) the trial court's denial of an award of fees to Janna was against the great weight and preponderance of the evidence; (5) no finding can be implied to support the trial court's denial of fees; (6) the trial court erred in failing to award fees pursuant to the Decree; (7) the trial court's failure to award fees in keeping with the Decree changed the division of property; (8) the trial court failed to follow the law of the case; and (9) Janna seeks remand for fees incurred upon remand, and

5

appeal to this court and to the Texas Supreme Court. We address Janna's issues and Chris's responses in the order and as needed to resolve this appeal.

## I.     Did the Trial Court Fail to Follow This Court's Opinion and Mandate?

When an appellate court remands a case and limits a subsequent trial to a particular issue, the trial court is restricted to a determination of that particular issue. *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986). Thus, in a subsequent appeal, instructions given to a trial court in the former appeal will be adhered to and enforced. *Id.* In interpreting the appellate court's mandate, the courts should look not only to the mandate itself but also to the appellate court's opinion. *Id.* Even if the remand is limited, however, the trial court is given a reasonable amount of discretion to comply with the mandate. *Austin Transp. Study Policy Advisory Comm. v. Sierra Club*, 843 S.W.2d 683, 690 (Tex. App.—Austin 1992, writ denied).

In this case, the *Russell I* court reversed and remanded the case "for further proceedings consistent with [the court's] opinion" after concluding that the trial court "abused its discretion by failing to award attorney's fees [under 157.167] without stating good cause." *See Russell I*, 2012 WL 3574713, at *3, *7. The *Russell I* court further clarified that section 157.167 does not require that the trial court hold Chris in contempt before awarding attorney's fees. *See id.* at *4. The accompanying judgment and mandate provided:

> This cause, an appeal in favor of appellee, David Christopher Russell, signed, March 3, 2010, was heard on the transcript of the record. We have inspected the record and find error in the judgment. We therefore order that portion of the judgment of the court below denying Janna Russell's reasonable attorney's fees, and the amount of $166.78 plus prejudgment and post-judgment interest, REVERSED and REMAND the cause for proceedings in accordance with the court's opinion.

On remand, and without a hearing on Janna's motion to award reasonable fees and court costs, the trial court again awarded no attorney's fees to Janna.

Janna contends that the this court's mandate instructed the trial court to award her attorney's fees because, as explained in *Russell I*, an award under section 157.167 is mandatory absent good cause stated on the record, and the failure to find contempt on Chris's part does not bar an award. *See* Tex. Fam. Code § 157.167(a), (c); *Russell I*, 2012 WL 3574713, at *3–4. According to Janna, the trial court repeatedly recognized at both the original trial and on remand that Janna's attorney's fees were reasonable and that Janna's attorney's testimony concerning the reasonableness of her fees satisfied the lodestar criteria of *Long v. Griffin*.[3] Therefore, she argues, the trial court failed its mandated duty to follow section 157.167 and award her the full amount of attorney's fees she requested.

Chris contends, however, that the *Russell I* opinion and mandate contain no language instructing the trial court to award Janna fees of $122,195.00. Instead, the *Russell I* court held only that the trial court's failure to award fees without stating a reason violated section 157.167's requirement that the trial court must state its reasons for denying the fees. Chris maintains that the opinion and mandate suggest at least two possibilities for compliance on remand: (1) the trial court could maintain his failure to award the fees if he stated his reason for that decision as required by section 157.167; or (2) the trial court could determine there was no good cause for the failure to award the fees and enter judgment awarding the fees under section 157.167.

We agree with Chris that the *Russell I* court did not instruct the trial court to simply award Janna her attorney's fees under the statute; the court merely recognized the trial court's error and remanded for the trial court to correct its

---

[3] 442 S.W.3d 253, 255 (Tex. 2014) (per curiam).

error, either by awarding reasonable fees or stating good cause for denying fees. Our reading of the opinion's plain language is further supported by the fact that the court recognized that Janna had asserted other possible bases for an award of attorney's fees, but did not address them. *See id.* at \*4 n.2. The court's analysis was limited to explaining that attorney's fees were recoverable under section 157.167 based on the award of $1,224.00 for medical child support owed; the court did not discuss whether the trial court's award of $15,799.00 for the UGMA account also supported recovery of attorney's fees under the statute or one of Janna's other theories. Therefore, the trial court was free to consider whether Janna was also entitled to an award of attorney's fees pursuant to a Family Code statute or the parties' contract, as Janna alleged, for the amounts she recovered.

Chris further argues, however, that the trial judge recognized a third option as reflected in his findings of fact: he reviewed the evidence and the record and, based on the record as a whole, again declined to award any fees. According to Chris, the trial court concluded that the fees were excessive and therefore unreasonable. Chris maintains that the trial court's failure to award unreasonable fees does not trigger the application of section 157.167 or its requirement that good cause for the denial of fees be stated on the record. In support of this conclusion, Chris argues that the trial court made no finding in the first trial or on remand that the fees were reasonable, and he points to another of the court's comments during the post-remand hearing in which the trial court stated, "I did not award attorney[']s fees because in my opinion they were excessive in the particular instance . . . ."[4] Chris also cites this court's opinion in *In the Interest of A.L.S.*, 338

---

[4] We note that in that same sentence, the trial court went on to say, "and I found that it was not contemptible and the payment of child support was not a contemptible refusal to pay." In any event, the trial court's comments made at the conclusion of a bench trial are not a substitute for findings of fact and conclusions of law. *See In the interest of W.E.R.*, 669 S.W.2d 716, 716 (Tex. 1984) (per curiam).

S.W.3d 59, 69 (Tex. App.—Houston [14th Dist.] 2011, pet. denied), in which we held that the trial court did not err by denying attorney's fees under 157.167 without stating good cause because the movant presented no evidence of fees. *Id.*

We disagree with Chris that section 157.167 is not triggered if the requested fees are unreasonable. Section 157.167 expressly provides that the statute is triggered "if the court finds that the respondent has failed to make child support payments," not on a threshold finding of reasonableness. *See* Tex. Fam. Code § 157.167(a). Absent a specific finding that the respondent has shown good cause to not pay attorney's fees, and the court stating the reasons supporting such a finding, the court is required to award reasonable attorney's fees to the movant. *See id.* § 157.167(a), (c); *Russell I*, 2012 WL 3574713, at *3–4; *see also Goudeau v. Marquez*, 830 S.W.2d 681, 682 (Tex. App.—Houston [1st Dist.] 1992, no writ). Moreover, *A.L.S.* is distinguishable and does not support Chris's argument. As we explained in that case, the party seeking attorney's fees has the burden of proof, and the movant had waived her right to fees because she offered no evidence whatsoever to support a fee award. *See A.L.S.*, 338 S.W.3d at 69.

In this case, Janna presented expert witness testimony and exhibits supporting her attorney's fees. The trial judge made no finding that the fees sought were unreasonable, and as noted above, he explained elsewhere in the same hearing that he believed the attorney's fees charged to Janna were reasonable, but also believed that Chris should not have to pay them. The judge also expressly rejected Chris's proposed findings that good cause existed for denying attorney's fees. Because section 157.167 requires that good cause be stated on the record and the trial judge rejected proposed finding supporting good cause, this court may not imply a finding of good cause to support the trial court's judgment. *See Williams v. Gillespie*, 346 S.W.3d 727, 732–33 (Tex. App.—Texarkana 2011, no pet.);

9

*Fanning v. Fanning*, 828 S.W.2d 135, 143 (Tex. App.—Waco 1992), *rev'd in part on other grounds*, 847 S.W.2d 225 (Tex. 1993).

The trial court's August 13, 2013 letter informing the parties of its ruling provided, in part, that "[t]his court makes a negative finding on the contempt, *therefore*, determining to award no attorney fees. Attorney fees are denied at this time" (emphasis added). The signed September 10, 2013 judgment contains similar language. In the findings of fact, the trial court found that its written order of September 10, 2013 was "based on the rendered ruling of August 13, 2013" and "provides as it provides." Additionally, just before overruling Janna's motion for new trial, the trial court stated:

> I remember. I heard all that and I determined the gentlem[a]n was not in contempt and I do not think the law is that I must award attorney fees in a child support issue or in this case in particular when I do not find him in contempt. And I exercised by discretion which the Court of Appeals said I don't have the discretion, but I found that all these days of trial, those fees were reasonable and Ms. Russell ought to pay them, but I didn't find Mr. Russell in contempt and I did not award attorneys fee[s].

Although one of the trial court's conclusions of law states that "since contempt was not found, attorney's fees must be considered by the court based upon the evidence in the record," the trial court's handwritten ruling of August 13, its September 10 signed order, and its comments at the hearing demonstrate that the trial court declined to award Janna attorney's fees because it did not find Chris in contempt. *See Russell I*, 2012 WL 3574713, at *4.

Because the trial court failed to award Janna reasonable attorney's fees under section 157.167 without stating any reasons supporting a finding of good cause to deny fees, and further failed to consider Janna's additional argument on remand that she was entitled to her reasonable fees under the Decree, the trial court

erred by failing to follow the *Russell I* court's opinion and mandate.

## II. The Sufficiency of the Evidence of Attorney's Fees to Support Rendition or Remand

Janna contends that the evidence establishes that her attorney's fees were reasonable as a matter of law and therefore she is entitled to rendition of judgment for the full amount of $122,195.00. Alternatively, Janna contends that the award of zero attorney's fees is against the great weight and preponderance of the evidence. Janna also asserts that the Property Division incorporated into the Decree supports her claim for attorney's fees.

In response, Chris argues that Janna failed to establish that her fees are reasonable as a matter of law. Chris also argues that legally and factually sufficient evidence exists to support a finding of good cause to deny Janna attorney's fees, and that Janna's failure to segregate her attorney's fees further supports a good cause finding. Chris also disputes Janna's contention that she is also entitled to recover attorney's fees under the Property Division.

### A. Availability of Attorney's Fees under Statute or Contract

As noted above, the *Russell I* court reversed and remanded the case because Janna recovered unpaid medical support of $1,224.00 and $166.78, but the trial judge did not award Janna reasonable attorney's fees and costs or state any reasons for good cause to deny them as required under Family Code section 157.167. The *Russell I* court did not determine whether the award of a judgment for $15,799.00 on Janna's UGMA account claim also constituted child support for purposes of section 157.167 or address whether Janna was alternatively entitled to attorney's fees under the Decree. *See id.* at *2–4 & 4 n.2. Because Janna raises these contentions on appeal, we must first decide whether and to what extent Janna may be entitled to attorney's fees either by statute or by contract before we can address

11

the sufficiency of the evidence supporting fees. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006) (attorney's fees are not recoverable from an opposing party unless authorized by statute or contract).

### 1. Attorney's fees for enforcement of child support under Family Code section 157.167

It is undisputed that section 157.167 mandates an award of reasonable attorney's fees and costs if the trial court finds that a party has failed to make child support payments, except that the court may waive the requirement for good cause shown and the court states the reasons supporting the good-cause finding. Tex. Fam. Code § 157.167(a), (c); *Russell I*, 2012 WL 3574713, at *3. Further, section 157.167 does not require that the trial court find contempt before awarding fees. *Russell I*, 2012 WL 3574713, at *4. Therefore, absent good cause stated on the record, the trial court is required to award Janna her reasonable attorney's fees and costs in recovering the child-support arrearages of $1,224.00 and $166.78.

Janna argues that the UGMA account also constitutes a type of child support for purposes of Family Code section 157.167 because the funds were for the benefit of the child. But Janna cites no authority to support her contention that the return of funds to a child's bank account constitutes child support, and we are aware of none. The record also belies this contention. In the Decree, the UGMA account appears in the section on "Division of Marital Estate" rather than the sections relating to child support. And, in her pleadings, Janna categorized her UGMA account claim as a property claim listed in a section seeking "Enforcement of Property Agreement Order" rather than under the separate section listing alleged child support violations. We decline to hold that Janna's claim for recovery of the funds in the UGMA account constitutes a type of child support for which section 157.167 provides a recovery of attorney's fees and costs.

## 2. Attorney's fees for enforcement of UGMA account claim under Property Division's fee-shifting provision

Janna also contends that she is entitled to attorney's fees under the Property Division, which is incorporated into the Decree. The Property Division includes the following fee-shifting provision:

> Reasonable attorney's fees and expenses of a party incurred in successfully prosecuting or defending a suit under this agreement against the other party or the other party's estate will be recoverable by the successful party in the action.

The Property Division provides that, among other things, Janna is awarded the property "which belongs to [the child] for which [Janna] has the sole right to manage," including the child's "Amegy Bank UGMA Savings account." The Decree requires Chris to deposit $15,799.00 into the UGMA account.

The Family Code provides that, in a divorce proceeding, the parties may enter into an agreement incident to divorce concerning "the division of the property and the liabilities of the spouses and maintenance of either spouse." Tex. Fam. Code § 7.006(a).[5] If the court approves the agreement, the court may set forth the agreement in full or incorporate the agreement by reference in the final decree. *Id.* § 7.006(b). Once the agreement of the parties has been approved by the court and made part of its judgment, the agreement is no longer merely a contract between private individuals but is the judgment of the court. *Ex Parte Gorena*, 595 S.W.2d 841, 844 (Tex. 1979) (orig. proceeding). An agreed divorce decree is a contract subject to the usual rules of contract interpretation. *Broesche v. Jacobson*, 218 S.W.3d 267, 271 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

---

[5] The Family Code also contemplates written agreements between spouses providing for child support, but terms of an agreement pertaining to child support are not enforceable as a contract. *See* Tex. Fam. Code § 154.124; *Kendrick v. Seibert*, 439 S.W.3d 408, 411 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

The Decree incorporates the Property Division as follows:

> The Court finds that the parties successfully mediated this case with the assistance of Steve A. Bavousett, on July 29, 2008 and further, that the parties have entered into an <u>Agreement Incident to Divorce</u>, a document separate from this <u>Agreed Final Decree of Divorce</u>. The Court approves the attached <u>Agreement Incident to Divorce</u> and incorporates it by reference as part of this <u>Agreed Final Decree of Divorce</u> as if it were recited herein verbatim and ORDERS the parties to do all things necessary to effectuate the agreement. To the extent permitted by law, the parties stipulate and agree that the <u>Agreement Incident to Divorce</u> is enforceable as a contract. The Agreement Incident to Divorce is entitled "Property Division" for all purposes.

Additionally, the Property Division provides:

> This <u>Agreement Incident to Divorce</u> in conjunction with the <u>Agreed Final Decree of Divorce</u> replace and supersede any other agreements either oral or in writing, between the parties relating to the rights and liabilities arising out of their marriage. This <u>Agreement Incident to Divorce</u> and the <u>Agreed Final Decree of Divorce</u> together contain the entire agreement of the parties.

Because the Property Division is incorporated by reference into the Decree and the two "together contain the entire agreement of the parties," the Property Division's fee-shifting provision is part of the parties' agreement and the court's judgment. Therefore, the trial court should have determined whether Janna was the successful party under the Property Division's fee-shifting provision incorporated into the Decree. If so, Janna is entitled to an award of reasonable attorney's fees and expenses based on her recovery of the $15,799.00 Chris was required to deposit into the UGMA account.

**B.   Sufficiency of the Evidence of the Reasonableness of Janna's Attorney's Fees and Costs**

According to Janna, the trial court recognized and acknowledged that her fees were reasonable. Additionally, Janna argues that the expert testimony of her

14

attorney, Ellen Yarrell, concerning the reasonableness of her fees was not rebutted by opposing expert witness testimony, controverted or impeached, and no other dollar amount was offered by opposing counsel as a more reasonable amount of fees and costs. Therefore, Janna maintains, Yarrell's testimony should be accepted as a matter of law and this court should render judgment awarding Janna $122,195.00 in reasonable attorney's fees.

Chris maintains that Janna's requested fees are not reasonable when considering the *Arthur Andersen* factors of the amount in controversy and results obtained, attendant circumstances may indicate that the fees are unreasonable, and Janna did not establish that her fees are reasonable as a matter of law.

### 1.     Standards of review

Generally, we review a trial court's decision to award attorney's fees for an abuse of discretion. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). Under this standard, legal and factual sufficiency are not independent grounds of error, but rather are relevant factors in assessing whether the trial court abused its discretion. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991).

In a challenge to legal sufficiency, we review the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit favorable evidence if a reasonable fact finder could do so and disregard contrary evidence unless a reasonable fact finder could not. *Id.* at 827. The evidence is legally sufficient if it would enable fair-minded people to reach the verdict under review. *Id.* In reviewing the factual sufficiency of the evidence, we consider and weigh all the evidence and should set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

15

A reasonable fee is one that is moderate or fair but not excessive or extreme. *Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010). The reasonableness of attorney's fees is ordinarily left to the factfinder, and a reviewing court may not substitute its judgment for the fact finder's. *Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 547 (Tex. 2009); *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881 (Tex. 1990) (per curiam).

Generally, the testimony of an interested witness, such as a party to the suit, though not contradicted, does no more than cause a fact issue to be determined by the fact finder. *Ragsdale*, 801 S.W.2d at 882. For the court to award an amount of attorney's fees as a matter of law, the evidence from an interested witness "must not be  contradicted by any other witness or attendant circumstances and the same must be clear, direct and positive, and free from contradiction, inaccuracies and circumstances tending to cast suspicion thereon." *Id.* Even uncontradicted evidence may do no more than raise a fact issue, however, if "it is unreasonable, incredible, or its belief is questionable." *Id.*; *see Smith*, 296 S.W.3d at 548 ("But the fee, though supported by uncontradicted testimony, was unreasonable in light of the amount involved and the results obtained, and in the absence of evidence that such fees were warranted due to circumstances unique to this case.").

Factors to consider when determining what a reasonable award of attorney's fees should be include the following: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or the circumstances; (6) the nature and length of the professional relationship with the

client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). These factors are not elements of proof, but are guidelines to be considered in the determination of the reasonableness of a fee. *Acad. Corp. v. Interior Buildout & Turnkey Constr., Inc.*, 21 S.W.3d 732, 742 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

### 2. Yarrell's testimony concerning the reasonableness of her fees was disputed

Janna's petition in her enforcement and contempt action alleged seven violations of the Decree related to child support and nine violations of the Property Division, in addition to requesting that Chris be held in contempt, confined, placed on community supervision, and ordered to post a bond. The original trial record contains over 100 pages of testimony, cross-examination, and exhibits on the issue of Janna's attorney's fees alone.

Janna's attorney, Yarrell, testified concerning her qualifications and the attorney's fees and expenses incurred on Janna's behalf. She testified that she billed at $400 an hour, and her legal assistant billed at $185 an hour. Yarrell testified that the total fees and costs incurred as of the day before she testified was $122,195.00. In support of Janna's requested fees, Yarrell submitted exhibits detailing the costs incurred and the hours she and her legal assistant spent on the case broken down by date. Yarrell also testified that some of the fees and costs were incurred due to Chris's failure to cooperate with document requests and other dilatory conduct on Chris's part.

Chris's attorney, Jolene Wilson-Glah, did not offer controverting testimony,

17

but she cross-examined Yarrell extensively concerning the reasonableness and necessity of the attorney's fees incurred. During cross-examination, Yarrell acknowledged that Chris had paid some of the child-support violations alleged, but noted that he did not pay them until after the enforcement action was filed. Yarrell agreed that some of the violations were non-monetary. In response to questions concerning the reasonableness of incurring over $122,000.00 in attorney's fees for a potential recovery of much less, Yarrell explained that the fees were incurred based on Janna's choices in pursuing the present enforcement action against Chris. Later in the exchange, Yarrell stated that Janna believed that "the disproportionate division of assets in the divorce was unfair" and it was reasonable for her to "secure the benefits of the bargain she made." At one point, the trial court commented to Yarrell that there was no doubt that she spent all the time she did on Janna's case, but "[t]he question is, whether you did too much in Ms. Wilson-Glah's opinion."

Wilson-Glah also attempted to show that some of the same allegations in Janna's enforcement had been made in an earlier enforcement action and had been resolved, and that some actions for which Yarrell sought fees were not part of the present suit. Yarrell admitted that although she had attempted to segregate fees relating to an earlier enforcement action, she "may have made some errors."

On appeal, Chris contends that the focus has always been on the *Arthur Andersen* factors of the amount involved and the results obtained, and contends that the trial court did not err by denying Janna an award of attorney's fees because the fees requested were excessive and therefore unreasonable.[6] Chris argues that

---

[6] Chris also points to the trial judge's comment during the hearing on Janna's motion for new trial in which the judge stated that he did not award attorney's fees because "they were excessive in the particular instance." However, as discussed above, the judge also stated that he believed the fees were reasonable in the same hearing, and the record reflects that the trial court

18

Janna's requested $122,195.00 in attorney's fees is vastly disproportionate to the amount of child support in controversy and the amount actually recovered, and therefore it was within the trial court's discretion to find the fees unreasonable. Chris suggests that the fees at issue "are almost 54 times the amount of child support in controversy and almost 88 times the amount of child support awarded" and alleges that Janna had a "success rate of less than 20%."[7] Chris also contends that Janna seeks to recover one-hundred percent of her fees incurred to prosecute all sixteen of the violations alleged in her petition even though she prevailed on only three, she lost on other claims involving both monetary and non-monetary requests for relief, and the trial court did not find Chris in contempt on any of the violations. Additionally, Chris argues that "attendant circumstances" exist to support the trial court's denial of fees because fees were incurred to advance "frivolous, unfounded or fabricated allegations" relating to specific violations on which she did not prevail. Therefore, Chris maintains, Janna has failed to demonstrate that her fees were reasonable as a matter of law.

We agree that Janna has not proved as a matter of law that the fees she seeks are reasonable. As the record and the parties' arguments reflect, the proceedings below were contentious and involved detailed evidence on attorney's fees relating to the parties' long history before the trial court. Although Janna contends that Yarrell's testimony was uncontroverted, she was cross-examined at length by Wilson-Glah concerning whether the fees incurred were reasonable. Wilson-Glah suggested that Janna's real motivation was to punish Chris rather than to enforce the terms of the decree, and Yarrell acknowledged that Janna chose to pursue the alleged violations despite the amount of fees incurred because Janna felt she had

awarded no fees because he did not find Chris in contempt.

[7] Chris's calculations are limited to the child support recovered and do not take into account Janna's recovery of $15,799.00 on the UGMA account claim.

been unfairly treated in the divorce. Wilson-Glah also took the position that some of the fees were incurred for matters that were not at issue in the present enforcement action, and Yarrell conceded there may have been errors. Because Yarrell's testimony was not "free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon," it cannot support the award of fees as a matter of law. *See Ragsdale*, 801 S.W.2d at 882. Nor is Janna entitled to all of the fees she seeks because Chris failed to offer any specific dollar amount as a reasonable fee, because the burden was on Janna to offer evidence that her fee was reasonable. *See Smith*, 296 S.W.3d at 547.

Nevertheless, Janna has presented some evidence to support an award of fees. An award of no fees is improper in the absence of evidence affirmatively showing that no attorney's services were needed or that any services provided were of no value. *See Midland W. Bldg. L.L.C. v. First Serv. Air Conditioning Contractors, Inc.*, 300 S.W.3d 738, 739 (Tex. 2009) (per curiam); *Cale's Clean Scene Carwash, Inc. v. Hubbard*, 76 S.W.3d 784, 787 (Tex. App.—Houston [14th Dist.] 2002, no pet.). Chris does not contend that the record affirmatively shows that no attorney's services were needed or that Yarrell's services were of no value. Therefore, Janna is entitled to a remand for consideration of the reasonable attorney's fees to which she may be entitled.[8]

### C. Segregation of Fees

Chris contends that Janna's failure to segregate her recoverable and

---

[8] To the extent that Chris argues that evidence of excessive or unreasonable fees, attendant circumstances (in that Janna's allegations were frivolous, unfounded, or fabricated), or the failure to segregate fees is sufficient to support an implied finding of good cause under Family Code section 157.167, we reject this contention. Chris cites no authority holding that any of these factors equate to a finding of good cause to deny otherwise mandated fees, and we decline to so hold on this record. Further, we have already determined that we may not imply a finding of good cause when the trial court expressly rejected Chris's proposed findings supporting good cause.

unrecoverable attorney's fees precludes an award of attorney's fees as a matter of law. Generally, a party is required to segregate recoverable from unrecoverable attorney's fees in all cases. *Chapa*, 212 S.W.3d at 313; *Kurtz v. Kurtz*, 158 S.W.3d 12, 22 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) ("When a plaintiff seeks to recover attorney's fees in a case involving multiple claims, at least one of which supports an award of fees and at least one of which does not, the plaintiff must offer evidence segregating attorney's fees among the various claims."). Although Chris argues that Janna is not entitled to any fees because she failed to segregate them, Janna's evidence of her unsegregated fees is "some evidence of what the segregated amount should be." *See Chapa*, 212 S.W.3d at 314; *Arrow Marble, LLC v. Estate of Killion*, 441 S.W.3d 702, 709 (Tex. App.—Houston [1st Dist.] 2014, no pet). In such a case, remand is appropriate to determine the segregated fee amount due. *Chapa*, 212 S.W.3d at 314; *Arrow Marble, LLC*, 441 S.W.3d at 709.

Janna contends, however, that Chris waived any argument that Janna failed to segregate her fees because he did not raise the issue in his pleadings, argument, or a motion for new trial in the underlying enforcement. Therefore, Janna maintains, she is entitled to recover the full amount of $122,195.00 as a matter of law. We disagree. In this case, the trial court declined to award any attorney's fees to Janna in the original trial, so Chris had no reason to object to any failure on Janna's part to segregate. *See Arrow Marble, LLC*, 441 S.W.3d at 708 (concluding that plaintiff who did not appear for trial did not waive complaint that defendant failed to segregate fees, noting that plaintiff was not the party appealing the judgment or complaining about the trial court's failure to award any fees).[9] As the

_____

[9] In support of her waiver argument, Janna cites to *Horvath v. Hagey*, No. 03–09–00056–CV, 2011 WL 1744969, at *6 (Tex. App.—Austin May 6, 2011, no pet.) (mem. op.), in which the court held that the defendant failed to timely object to the plaintiff's failure to segregate fees

party with the burden of proof, Janna cannot use Chris's failure to object at trial as "a vehicle by which [Janna] can maintain on appeal that [she] has conclusively proved [her] fees as a matter of law." *See id.*

Janna also argues that all of her claims provide for an award of attorney's fees, either by statute or contract, so she was not required to segregate her fees. However, as discussed above, Family Code section 157.167 and the Decree's fee-shifting provision each impose different requirements on the party seeking to recover fees. For example, the statute requires the trial court to award Janna reasonable fees for her recovery of child-support arrearages except for good cause stated on the record, while the fee-shifting provision requires the trial court to determine, in the first instance, whether Janna is the successful party before she can be awarded reasonable fees and expenses for recovering on her UGMA claim.

We have already concluded that Janna presented some evidence to support a mandatory award of fees for her recovery of child-support arrearages under Family Code section 157.167 unless the trial court states the reasons supporting a finding of good cause for waiving the requirement. Additionally, Janna may also be entitled to an award of reasonable attorney's fees for her recovery on the UGMA claim if the trial court finds that she is the successful party pursuant to the Decree's fee-shifting provision. Because reasonableness of a fee award is a question of fact and Janna presented some evidence of her fees, remand for a new trial on the attorney's fees issue is appropriate to determine the segregated fee amount due, if any. *See Chapa*, 212 S.W.3d at 313–14; *Arrow Marble, LLC*, 441 S.W.3d at 709.

when the defendant first raised the issue in a motion for new trial. That case is distinguishable, however, because the plaintiff had been awarded fees and the defendant was challenging the fee award on appeal. *See id.* at *2. We also note that in this case, Chris raised the issue of segregation during the original trial when Janna's attorney was asked whether the fees sought included fees for claims made in a previous enforcement action, and he requested (but was denied) findings of fact on the failure to segregate in both the original trial and on remand.

**D.    Fees on Remand and Appellate Attorney's Fees**

Finally, Janna seeks a remand for attorney's fees and costs incurred post-remand in connection with her preparation and presentation of the motion to award fees and the motion for rehearing filed below, as well as any appeals prosecuted by her in connection with those motions. Janna points out that she requested such awards on remand in both motions and asserts that such fees are mandated under the Decree.[10] However, Janna offered no evidence of her attorney's fees incurred after remand or appellate attorney's fees in the trial court, either by affidavit attached to her motion to award attorney's fees or by offering evidence at the hearing on the motion for new trial. Because Janna has not presented any evidence of the "newly incurred fees" on remand, we deny her request. *See Varner v. Cardenas*, 218 S.W.3d 68, 69–70 (Tex. 2007) (per curiam) (declining to allow post-judgment fees to be determined after appeal by remand to the trial court when no evidence was offered in the trial court regarding a reasonable fee for those services); *In re Lesikar*, 285 S.W.3d 577, 586 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (denying request to present evidence of attorney's fees incurred on appeal when no supporting evidence was offered below). On remand from this appeal, Janna may, however, seek attorney's fees, including appellate attorney's fees, incurred in connection with the second remand and any third appeal to the court of appeals and the supreme court.

## CONCLUSION

On remand from *Russell I,* the trial court failed to either award Janna attorney's fees for her recovery of awards for child-support arrearages or state good cause for denying her fees as required under Family Code section 157.167. The trial court also failed to consider Janna's other asserted grounds for an award

---

[10] Janna does not request appellate attorney's fees incurred for this appeal.

of attorney's fees. On appeal, we conclude that Janna also may be entitled to her reasonable attorney's fees and expenses for her recovery of $15,799.00 on her UGMA account claim if the trial court finds that she was the successful party as provided in the Property Division's fee-shifting provision incorporated into the Decree. For the reasons explained above, we hold that the trial court abused its discretion by failing to follow the opinion and mandate in *Russell I*. Because the reasonableness of a fee award is a question of fact and Janna produced some evidence of her fees, we reverse the trial court's judgment and remand to the trial court for a new trial on attorney's fees. We affirm the remainder of the judgment.

On remand, the trial court shall: (1) hear evidence presented by the parties concerning Janna's request for attorney's fees and costs under Family Code section 157.167 and the Decree, including the segregation of fees; (2) determine the reasonable attorney's fees and costs Janna is entitled to recover for the child-support claims on which she recovered under Family Code section 157.167, or state the reasons supporting a finding of good cause on the record; (3) determine whether Janna is the successful party under the fee-shifting provision incorporated into the Decree as a result of her recovery of $15,799.00 on her UGMA claim and, if so, determine the amount of reasonable attorney's fees and expenses Janna is entitled to recover under the Decree; and (4) determine whether and to what extent Janna is entitled to attorney's fees and costs incurred in the second remand, including appellate attorney's fees for a third appeal, if sought.


/s/     Ken Wise
        Justice


Panel consists of Justices Christopher, Donovan, and Wise.

24