

NUMBER 13-19-00026-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY AND
ALLSTATE INSURANCE COMPANY,                                    Appellants,

v.

JESUS INCLAN,                                                  Appellee.

On appeal from the 45th District Court
of Bexar County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes**
**Memorandum Opinion by Justice Longoria**

Appellee Jesus Inclan brought suit against appellants Allstate Fire and Casualty

Insurance Company and Allstate Insurance Company (collectively, Allstate) to recover

uninsured motorist benefits under his automotive policy.  The trial court granted Inclan

declaratory relief and attorney's fees. By three issues, Allstate argues that the trial court erred by (1) granting Inclan declaratory relief; (2) awarding Inclan attorney's fees pursuant to the Uniform Declaratory Judgments Act (UDJA); and (3) awarding Inclan attorney's fees as a discovery sanction. We affirm the judgment, as modified.

## I. BACKGROUND[1]

In May 2017, Inclan brought suit against Reynaldo Sanchez[2] and Allstate for injuries he sustained resulting from a car collision that Sanchez allegedly caused in June 2016. Inclan sought to recover uninsured motorist benefits under his Allstate policy for physical and mental pain and sent Allstate a $50,000 settlement demand offer. Allstate counteroffered Inclan $10,000. Allstate made three more counteroffers, the last one totaling $14,000, but Inclan did not accept the counteroffers.

In his suit, Inclan sought declaratory relief and attorney's fees against Allstate under the UDJA. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001–.011. More specifically, Inclan requested a

> declaratory judgment pursuant to [Texas Civil Practice and Remedies Code, Chapter 37] that he is entitled to recover from Defendant Allstate his damages resulting from the motor vehicle collision of June 4, 2016, that those damages fall within the coverage afforded him under the Defendant Allstate's insurance policy, and specifying the amount of damages, attorney fees, interest, and court costs that Defendant Allstate is obligated to pay.

---

[1] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. Because this is a transfer case, we apply the precedent of the San Antonio Court of Appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.3.

[2] Sanchez is not a party to this appeal.

2

In response to Inclan's request for admissions, Allstate refused to admit to Sanchez's negligence. Allstate filed a motion for summary judgment on Inclan's claim for declaratory relief and attorney's fees; the trial court denied Allstate's motion.

The case proceeded to a jury trial. After his case-in-chief, Inclan sought a directed verdict. At that point, Allstate stipulated that Sanchez was "solely at fault for causing the accident." The jury awarded Inclan $73,379.25 in damages from Sanchez for medical expenses, past and future pain and mental anguish, loss of earning capacity, and impairment. The jury also found that Sanchez was grossly negligent and it awarded Inclan $150,000 in exemplary damages against Sanchez. The jury also awarded Inclan $69,025 in attorney's fees against Allstate, including additional attorney's fees if the case is appealed. Inclan was also awarded $50,000 on his uninsured motorist claim against Allstate.

After the trial, Inclan filed a motion to recover additional attorney's fees from Allstate as a discovery sanction pursuant to Texas Rule of Civil Procedure 215. *See* TEX. R. CIV. P. 215. Inclan argued that Allstate should be sanctioned for failing to admit Sanchez's liability in the request for admissions when the evidence so strongly demonstrated Sanchez was at fault. The trial court granted the motion and awarded $14,315.50 in attorney's fees. Allstate filed a motion for new trial, which the trial court denied. This appeal ensued.

## II. DECLARATORY RELIEF

In its first issue, Allstate argues that the trial court abused its discretion in awarding Inclan declaratory relief.

### A. Standard of Review and Applicable Law

3

"To protect responsible motorists from financial loss when they are involved in car wrecks with uninsured or underinsured motorists (UM/UIM), Texas law requires automobile insurers to include UM/UIM coverage in their policies unless their insureds reject that coverage in writing." *Allstate Ins. v. Irwin*, No. 04-18-00293-CV, 2019 WL 3937281, at *2, ___ S.W.3d ___ (Tex. App.—San Antonio Aug. 21, 2019, pet. filed). Lawsuits to recover UIM benefits can be procedurally unique in that they often require "a suit within a suit." *Allstate Ins. v. Jordan*, 503 S.W.3d 450, 453 (Tex. App.—Texarkana 2016, no pet.). An insured is only entitled to recover UM/UIM benefits once he or she has established (1) the liability and underinsured status of the other motorist, and (2) that the insured's damages exceed the policy limits of the underinsured motorist's policy. *See Brainard v. Trinity Universal Ins.*, 216 S.W.3d 809, 818 (Tex. 2006); *Jordan*, 503 S.W.3d at 453. Thus, an insurer's contractual duty to pay UM/UIM benefits is generally only triggered once the insured obtains a judgment against the uninsured. *See Brainard*, 216 S.W.3d at 818.

Section 37.004(a) of the UDJA provides that a person "whose rights, status, or legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a). The UDJA is to be liberally construed and applied. *See Jordan*, 503 S.W.3d at 453. At least two other courts have concluded that the UDJA is an appropriate vehicle to litigate UM/UIM claims. *See Irwin*, 2019 WL 3937281, at *4, ___ S.W.3d ___, ___; *Jordan*, 503 S.W.3d at 453.

**B. Analysis**

4

Allstate argues that the UDJA is "not a valid basis for recovering underinsured motorist benefits." Allstate cites *Brainard* to support this contention. *See* 216 S.W.3d at 818. According to Allstate's interpretation of *Brainard*, Inclan is not seeking to construe or determine the validity of his policy with Allstate. Rather, Allstate asserts that the only real question in this case is the amount of tort damages Inclan is legally entitled to recover, if any, as a result of Sanchez's negligence. In Allstate's view, Inclan is simply attempting to recast his immature contract claim as a claim for declaratory relief for the sole purpose of justifying the award of attorney's fees. However, as mentioned above, two other courts have already concluded that the UDJA is a proper avenue for litigating UM/UIM claims. *See Irwin*, 2019 WL 3937281, at *4, ___ S.W.3d ___, ___; *Jordan*, 503 S.W.3d at 453.

In *Jordan*, Margaret Jordan, an insured motorist with an Allstate policy, was involved in a car accident and brought suit against Allstate for breach of contract and declaratory relief for the damages in excess of the tortfeasor's policy. *Jordan*, 503 S.W.3d at 453. Similar to its present argument, Allstate argued that Jordan's suit for declaratory relief did not implicate the UDJA because her claims did not raise a question of construction or validity. *Id.* The Texarkana Court of Appeals rejected Allstate's argument, concluding that "[b]ecause Jordan had to demonstrate the amount that she was legally entitled to recover as damages as a prerequisite to proving her right to recover under the policy, Jordan properly invoked the UDJA to establish her rights under the Policy." *Id.* at 455.

The San Antonio Court of Appeals has recently reached the same conclusion. *See Irwin*, 2019 WL 3937281, at *4, ___ S.W.3d ___, ___. In *Irwin*, Daniel Irwin sought to have the validity of his right to recover under his UIM policy determined and to obtain a

declaration of his rights to pursue that claim against Allstate. *See id.* The San Antonio court, after analyzing the outcome in *Jordan*, held that "[w]e agree that an insured can use the UDJA to establish the prerequisites to recovery in a UM/UIM case." *Id.* The San Antonio court further observed that "[t]his is exactly the type of 'relief from uncertainty' the UDJA was designed to provide." *Id.* (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b)).

In other words, Allstate has already made the same arguments it presents in the current appeal to two other courts and was rejected both times. Both *Jordan* and *Irwin* specifically rejected Allstate's argument that *Brainard* precludes the use of the UDJA in litigating UIM claims. *See id.* (observing that the UDJA was not specifically at issue in *Brainard* and concluding that "an insured may use the UDJA to establish the prerequisites to recovery in a UM/UIM claim"); *Jordan*, 503 S.W.3d at 453 ("[N]othing in *Brainard* precludes the use of a declaratory judgment when establishing prerequisites to recovery in a UIM benefits case."). We agree with *Irwin* that an insured can use the UDJA to establish the prerequisites to recovery in a UM/UIM case.[3] Accordingly, the trial court did not err in awarding declaratory relief in the present case. We overrule Allstate's first issue.

### III. ATTORNEY'S FEES

In its second and third issues, Allstate argues that the trial court erred in awarding Inclan attorney's fees under the UDJA (issue two) and additional attorney's fees as discovery sanctions (issue three).

### A. Applicable Law and Standard of Review

---

[3] Even though our opinion is consistent with the San Antonio Court of Appeal's precedent, we note that if our decision would have been inconsistent with the decision in *Allstate Ins. v. Irwin*, No. 04-18-00293-CV, 2019 WL 3937281, at *2, ___ S.W.3d ___ (Tex. App.—San Antonio Aug. 21, 2019, pet. filed), we would be bound to decide the case in accordance with San Antonio's precedent. *See* TEX. R. APP. P. 41.3.

We generally review the trial court's award of attorney's fees for an abuse of discretion. *See Russell v. Russell*, 478 S.W.3d 36, 47 (Tex. App.—Houston [14th Dist.] 2015, no pet.). "The reasonableness of attorney's fees is ordinarily left to the factfinder, and a reviewing court may not substitute its judgment for the fact finder's." *Id.* at 48.

Attorney's fees are not recoverable unless they are specifically authorized by statute or contract. *See MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 669 (Tex. 2009). Under the UDJA, a trial court may award reasonable and necessary attorney's fees "as are equitable and just." TEX. CIV. PRAC. & REM. ANN. CODE § 37.009.

## B. Analysis

Allstate's arguments concerning the propriety of attorney's fees were also rejected by the San Antonio court in *Irwin*. *See Irwin*, 2019 WL 3937281, at *4, ___ S.W.3d ___, ___. In *Irwin*, Allstate asserted that attorney's fees are not recoverable in UIM claims unless a breach of contract has been established. *Id.* Allstate classified *Irwin's* claim for attorney's fees as a "creative attempt to find a basis for recovering attorney's fees where one does not actually exist." *Id.* However, the *Irwin* court once again rejected Allstate's reliance on *Brainard* because *Brainard* concerned attorney's fees under Chapter 38, whereas Irwin only pleaded a declaratory judgment action under Chapter 37. *Id.* The court in *Irwin* further noted that "unlike Chapter 38 of the Code upon which the plaintiffs in *Brainard* and *Jordan* relied, nothing in the UDJA requires a matured breach of contract claim." *Id.* And under Chapter 37, the trial court has discretion to award attorney's fees as are equitable and just. TEX. CIV. PRAC. & REM. CODE ANN. § 37.009. Therefore, the

7

trial court did not err in awarding Inclan attorney's fees in connection with its UIM/UM claim.[4]  We overrule Allstate's second issue.

However, Inclan admits that the trial court erred in granting attorney's fees as a discovery sanction.  *See Medina v. Zuniga*, No. 17-0498, 2019 WL 1868012, at *5, ___ S.W.3d. ___, ___ (Tex. Apr. 26, 2019) (concluding that the "decision to deny [the requested admission] before a strategic decision to later concede it cannot form the basis of a Rule 215.4 award"); *see also* TEX. R. CIV. P. 215.4(b).  Therefore, the trial court erred by awarding attorney's fees as discovery sanctions under Rule 215.4.  Accordingly, we sustain Allstate's third issue and modify the judgment to remove the award of attorney's fees that were awarded as discovery sanctions.

## IV. CONCLUSION

We modify the trial court's judgment by removing the award of attorney's fees that were granted as a discovery sanction and affirm the judgment, as modified.

NORA L. LONGORIA
Justice

Delivered and filed the
23rd day of January, 2020.

---

[4] Allstate does not take issue with the specific amount of fees awarded under the UDJA.