**AFFIRMED and Opinion Filed July 12, 2023**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-22-00083-CV**

_____

**IN THE INTEREST OF K.S.L. AND M.B.L., CHILDREN**

**On Appeal from the 469th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 469-54150-2018**

# MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Reichek
Opinion by Justice Molberg

Appellant Father appeals the trial court's order enforcing his final decree of divorce from appellee Mother. In two issues, Father argues the trial court abused its discretion by awarding him only $740 in attorney's fees and costs under § 157.167(b) of the family code and failing to award him make-up time under § 157.168(a). We affirm in this memorandum opinion.

## Background

Mother and Father were divorced on July 25, 2019. Under the final decree of divorce, they were appointed joint managing conservators of Daughter and Son with

equal periods of possession and joint authority to make most decisions regarding the children.

On September 21, 2020, Father filed a motion for enforcement of possession or access. Father alleged Mother violated the final decree of divorce by failing to surrender Daughter and Son on two occasions. Among other things, Father requested additional periods of possession or access to compensate for the possession periods denied by Mother. Father also requested attorney's fees, expenses, and costs incurred in seeking to enforce the final decree. Later, in three supplemental motions, Father added twelve more violations of the possession schedule occurring from September through November of 2020. Father also alleged Mother failed to inform him about Daughter's change of school and failed to secure his written agreement to withdraw Daughter from her school and enroll her in a new school.

The trial court heard Father's motion for enforcement on December 3, 2020. Father testified Daughter was fourteen years old, and Son was ten. Father said he had possession of the children alternating weekends and every Monday afternoon through Wednesday afternoon. Father testified that, on Monday, September 4, 2020, he went to Mother's home to pick up the children, but they were not surrendered into his possession and he was denied the entire possession period through Wednesday. His testimony was substantially the same regarding possession periods beginning

–2–

September 18, September 21, September 28, October 2, October 5, October 12, October 16, October 19, October 26, October 30, November 2, and November 5.

Mother was non-responsive to text messages Father sent her regarding these possession times. He generally waited about thirty minutes at Mother's home for her to surrender the children to him, which she failed to do for each possession period described above. Father said he did not have any possession of Son on his tenth birthday or of Daughter on her fourteenth birthday. In sum, Father testified that, since mid-September, he had not had any weekday or alternating weekend possession of the children. He further said that, after filing his third amended motion for enforcement on November 6, Mother continued to deny him possession during his possession periods under the final decree.

Father also testified about Daughter's education. He said he learned in late October that Daughter was no longer enrolled at Ereckson Middle School and was enrolled instead at Texas Online Preparatory School. Mother withdrew her from Ereckson, he said, and failed to notify him about this change. He testified that, under the final decree, mutual written consent was required for such a change; he was never asked to provide his consent.

On cross-examination, Father said he and Mother followed the possession schedule prior to September 2020. But he said it was normal for the children to stay with Mother during the day on school days when remote learning began in Spring 2020. Father said he and Mother "once in a while switched possessions" and that he

took them as "much as I could have them." He admitted that Daughter, before August, was staying with him less than she should have been, but denied Son was only staying with him one or two nights per week. Mother offered into evidence text messages from Father sent on June 14 in which he stated he was bringing Son back to Mother's home because Son wanted to play video games and told him "the only reason he was coming to my place was because you forced him." Father later sent a message stating, "If my kids don't want to see me, I might as well not be here."

Mother also admitted text messages exchanged between Daughter and Father. Daughter messaged Father on Thursday, November 19, asking him if he wanted to go out to dinner on Friday night for her birthday. Father responded he was planning on picking up her and Son on Saturday—her birthday—at 6:00 p.m., pursuant to the final decree. Daughter responded that it could be Friday or not at all, asking him not to "bring the court into this." Father responded, "Your mother made it necessary to involve the court. I am just following the rules." When Daughter said she was going out Saturday night with Mother and her grandfather, Father pointed out she could spend all day or night with them but he had not seen her in three months. Daughter told him she felt more comfortable around Mother.

Mother testified she believed Father approved Daughter's switch from Ereckson to Texas Online Preparatory School. She said Daughter told her Father granted his approval for her to switch schools. Mother stated she was concerned

–4–

about the children's physical and emotional safety when they were with Father.  Her concerns were based on statements they made to her describing their feelings towards spending time with him.  Mother observed Daughter crying and hysterical after an incident on the night of August 24, 2020,[1] at Father's house.  Mother said that, after that night, she observed that the children were "afraid to return to possession with their father."  Mother reported the incident to CPS and filed a petition to modify the possession schedule.

Prior to this incident, Mother testified she and Father followed the possession order "very loosely": the children went to Father's house "basically when they requested to go[.]"  When school was conducted remotely during the coronavirus pandemic, Mother said the children "almost exclusively did all of their remote learning at my house[,]" so, during the week, they were with her despite the terms of the final decree.  Daughter would go to Father's once per week, "at my prompting," and Son spent a couple of times a week there, generally "when [Father] had taken him to practice, not based on the schedule."  Mother said Father threatened to leave or move if the children did not want to spend time with him.  After the August 24, 2020, incident, Mother said she and the children did not hear from Father for nine days, and Mother believed Father had relinquished his possession times with the children.

---

[1] No specific evidence describing the incident was admitted at the hearing.

The trial court also admitted several exhibits regarding Father's attorney's fees, which he sought under Texas Family Code § 157.167. Among other things, this evidence showed that Father sought a total of $21,772.50 in fees. This included a billing statement total of $16,468.75, which was made up of 49 hours at a $300 hourly rate, .25 hours at a $600 rate, and 8.75 paralegal hours at a $185 rate. It also included time incurred but not yet billed—$5,303.75—which was made up of 14.75 hours at a $300 rate and 4.75 paralegal hours at a $185 rate. Four heavily redacted invoices were admitted that listed services and billable hours from September 23 through November 18. While the invoices describe various activities such as e-mails, calls, conferences, reviews, correspondence, drafting, responding, and preparing, they do not describe what this work specifically related to.

On October 28, 2021, the trial court entered an order of enforcement by contempt, suspension of commitment, and judgment for attorney's fees. The court found Mother violated the final decree of divorce by failing to surrender the children to Father for his possession period on thirteen separate occasions in September, October, and November of 2020. The court assessed $740 in attorney's fees and costs against Mother for these violations. The court further found Mother violated the final decree of divorce by failing to inform Father of Daughter's withdrawal from Ereckson Middle School and enrollment in Texas Online Preparatory School; failing to obtain Father's written agreement to enroll Daughter in a school other than Ereckson; withdrawing Daughter from Ereckson on August 14, 2020, without

–6–

Father's consent; and failing to inform Father, from August 14, 2020, through October 27, 2020, of significant information about Daughter's education at Texas Online Preparatory School.

The court adjudged that Mother was in criminal contempt for each violation, and ordered her to be confined in the county jail for 179 days. The court also found Mother in civil contempt and ordered her to be confined for a period not exceeding eighteen months or until she complied with three orders: surrender the children to Father at the beginning of any period of his possession; do not interfere with any period of Father's possession or access; and follow the terms of the possession and access order set forth in the final decree of divorce. The court further ordered that any confinement be suspended and that Mother be placed on community supervision for two years on the condition she "made no further violations of the final decree of divorce, in particular, the specific terms of the [final decree] regarding possession and access and educational rights and duties." Finally, the court awarded Father $740 in attorney's fees, expenses, and costs, plus interest, against Mother.

The trial court made findings of fact and conclusions of law relating to the enforcement action, finding, inter alia, thirteen separate violations of the final decree of divorce by withholding possession and that $740 was reasonable and necessary attorney's fees and costs for these violations.

*Attorney's fees and court costs*

Father first argues the trial court abused its discretion by finding $740 a reasonable award for attorney's fees and costs under Texas Family Code § 157.167. Section 157.001 authorizes the filing of a motion to enforce provisions of a final order in a suit affecting the parent-child relationship, including an order for possession of or access to a child. TEX. FAM. CODE § 157.001. The movant in an enforcement proceeding is entitled to reasonable attorney's fees and all court costs if the court finds that the respondent has failed to comply with the terms of an order providing for the possession of or access to a child. *See* TEX. FAM. CODE § 157.167(b). This award of fees is generally mandatory. *Tucker v. Thomas*, 419 S.W.3d 292, 296 (Tex. 2013). However, "for good cause shown, the court may waive the requirement that the respondent pay attorney's fees and costs if the court states the reasons supporting that finding." TEX. FAM. CODE § 157.167(c). The reasonableness of attorney's fees is a question of fact to be determined by the trier of fact and must be supported by competent evidence. *Tull v. Tull*, 159 S.W.3d 758, 760 (Tex. App.—Dallas 2005, no pet.); *Russell v. Russell*, 478 S.W.3d 36, 48 (Tex. App.—Houston [14th Dist.] 2015, no pet.). The party seeking to recover fees has the burden of proof. *McBride v. McBride*, 396 S.W.3d 724, 731 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). We review a trial court's award of attorney's fees under an abuse of discretion standard. *See In re M.M.*, No. 05-21-

00992-CV, 2023 WL 179810, at \*10 (Tex. App.—Dallas Jan. 13, 2023, no pet.) (mem. op.).

Here, Father presented evidence of hourly rates and hours billed for general tasks performed by attorneys and paralegals from September through November. However, nothing in the heavily redacted invoices indicates which services were provided for this enforcement proceeding and which were provided for Mother's modification proceeding, where Father was not the prevailing party. Mother's modification suit was filed just two weeks after this enforcement action was filed, and most all of the services listed in Father's invoices could have been plausibly performed for either proceeding. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313 (Tex. 2006) ("[I]f any attorney's fees relate solely to a claim for which such fees are unrecoverable, a claimant must segregate recoverable from unrecoverable fees.").[2] Furthermore, the trial court did not award Mother attorney's fees in the modification proceeding in which she prevailed. *See McBride*, 396 S.W.3d at 732 (considering lack of fee award to opposing party in related modification proceeding in concluding trial court did not abuse its discretion in not awarding attorney's fees in enforcement action). Given all of this, applying the standard that Father had the burden to prove reasonable fees by competent evidence,

---

[2] We note that the facts and issues pertinent to these separate proceedings were not so intertwined that segregation was impossible. Indeed, at the hearing on enforcement, Father rejected Mother's suggestion that the enforcement and modification be heard together. He argued the two proceedings were "distinctly different," involving different inquiries, evidence, and burdens of proof, and that they should not be "presented in the same manner."

we cannot conclude the trial court abused its discretion by finding that $740 was a reasonable award for attorney's fees and costs under the statute.

*Additional possession time*

Father also argues the trial court abused its discretion by failing to award him any make-up possession time after finding Mother denied him possession periods on numerous occasions. A court may order additional periods of possession of or access to a child to compensate for the denial of court-ordered possession or access. *See* TEX. FAM. CODE § 157.168(a). The additional periods of possession or access: (1) must be of the same type and duration of the possession or access that was denied; (2) may include weekend, holiday, and summer possession or access; and (3) must occur on or before the second anniversary of the date the court finds that court-ordered possession or access has been denied. *Id.* It is within the discretion of the trial court whether to grant additional periods of possession under § 157.168. *Romero v. Zapien*, No. 13-07-00758-CV, 2010 WL 2543897, at *15 (Tex. App.—Corpus Christi–Edinburg June 24, 2010, pet. denied) (mem. op.). However, if the court decides to award additional possession, it abuses its discretion by awarding make-up time that is greater than those periods for which possession or access was denied. *In re Braden*, 483 S.W.3d 659, 666 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

We begin by highlighting the fact that § 157.168 authorizes but does not require a trial court to order additional periods of time to compensate past denial of

possession or access.  *See Romero*, 2010 WL 2543897, at *15.  We cannot rewrite the statute's "may" as "must."  *See Pedernal Energy, LLC v. Bruington Eng'g, Ltd.*, 536 S.W.3d 487, 492 (Tex. 2017) (observing that "may" used in a statute indicates a discretionary provision).  Considering the record before us, we cannot conclude the trial court abused its discretion by failing to award Father additional periods of possession time under the statute.  The trial court had before it evidence that, even prior to the possession periods at issue in this case, Father and Mother did not strictly adhere to the possession periods established in the final decree of divorce; instead, evidence showed that the children spent most of their time at Mother's home without objection from Father.  Further, we cannot ignore the reality that, nearly contemporaneously to the order before us here, the trial court modified the possession schedule by significantly restricting Father's possession periods until such time as he successfully completed counseling.  *See In re K.S.L.*, No. 05-22-00084-CV, 2023 WL 2009985, at *3 (Tex. App.—Dallas Feb. 15, 2023, no pet.) (mem. op.).  Under these circumstances, we conclude the trial court did not abuse its discretion in not awarding Father make-up time under § 157.168(a).

**Conclusion**

We overrule Father's two issues and affirm the trial court's order of enforcement.

/Ken Molberg/
KEN MOLBERG
JUSTICE

220083F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF K.S.L. AND M.B.L., CHILDREN

No. 05-22-00083-CV

On Appeal from the 469th Judicial District Court, Collin County, Texas Trial Court Cause No. 469-54150-2018.
Opinion delivered by Justice Molberg. Chief Justice Burns and Justice Reichek participating.

In accordance with this Court's opinion of this date, the order of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee recover her costs of this appeal from appellant.

Judgment entered this 12th day of July 2023.