**Opinion issued July 1, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-12-01133-CV

———————————————

**ARROW MARBLE, LLC, ARROW MIRROR AND GLASS, INC, AND EQUICAP INVESTMENTS, LLC, Appellants**

**V.**

**ESTATE OF RODNEY B. KILLION, Appellee**

---

**On Appeal from the County Court at Law No 1 & Probate Court**
**Brazoria County, Texas**
**Trial Court Case No. PR032461C**

---

## O P I N I O N

A Texas Theft Liability Act claim brought by the Estate of Rodney B. Killion against Equicap Investments, LLC was dismissed with prejudice for want of prosecution. Equicap had counterclaims pending against the Estate at the time of dismissal, including a breach-of-contract claim and a request for attorney's fees

under the TTLA. Equicap presented evidence on its attorney's fees at the trial of the breach-of-contract claim, but the trial court denied the request.

In two issues, Equicap argues that (1) the trial court erred by not awarding it attorney's fees under the Texas Theft Liability Act and (2) the Estate waived any objection regarding segregation of attorney's fees by failing to object before judgment was rendered.

We reverse and remand.

## Background

Following Rodney Killion's death, his oldest daughter, Laura Killion, initiated proceedings to probate his will. Arrow Marble, LLC filed a plea in intervention asserting that Rodney Killion had breached a contract between Killion and the two other members of the Arrow Marble entity. Laura, as independent executor of her father's estate, filed a petition asserting claims against Arrow Mirror and Glass, Inc. and a related entity, Equicap Investments, LLC under the Texas Theft Liability Act. TEX. CIV. PRAC. & REM. CODE ANN. § 134.001–005 (West Supp. 2013). Arrow Mirror and Glass and Equicap filed a first amended counterclaim requesting declaratory relief, pursuing a breach-of-contract claim against the Estate, and asserting a claim for attorney's fees for defense of the TTLA claim. TEX. CIV. PRAC. & REM. CODE ANN. § 134.005(b).

When the case was called to trial, the Estate failed to appear. The trial court denied all relief requested by the Estate, including its TTLA claim. Equicap then presented evidence in support of its breach-of-contract claim, alleging that Rodney Killion breached an agreement to loan the two other members of Arrow Marble $450,000 in exchange for being released from personal liability for the entity's debts.

Mark Zimmerman, Equicap's counsel, testified briefly about his fees. He did not offer his legal bills as evidence; nor did he review the records while testifying. Instead, he testified that he charged $290 per hour, was aware of the content of his legal bills, and had charged $16,500 through that day of trial. Zimmerman also requested $8,000 for future appellate fees.

Because the Estate did not appear for trial, no one challenged this testimony. The court-appointed attorney ad litem for Rodney Killion's two minor children was present, but he did not object or ask any questions regarding the fee request.

The final judgment entered by the trial court (1) orders that "all Defendants" take nothing on their breach-of-contract claim against the Estate, (2) dismisses the Estate's claims, including the TTLA claim, with prejudice for want of prosecution, and (3) orders that "no attorney fees are awarded to Mark Zimmerman [counsel for Equicap Investments, LLC] as requested." Equicap filed an unsuccessful motion

3

for reconsideration asserting that an award of attorney's fees was mandatory under the TTLA because Equicap prevailed on that claim.

Equicap requests that we reverse the trial court's judgment and render an award of attorney's fees equaling the $24,500 previously requested. The Estate has not filed an appellate brief.

## Attorney's Fees Defending TTLA Claim

Equicap argues that it is entitled to recover its attorney's fees as the prevailing party under the Texas Theft Liability Act. TEX. CIV. PRAC. & REM. CODE ANN. § 134.001–005.

### A. Standard of review

The availability of attorney's fees under a particular statute is a question of law that we review de novo. *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999) (fee award is question of law); *Jakab v. Gran Villa Townhouses Homeowners Ass'n, Inc.*, 149 S.W.3d 863, 867 (Tex. App.—Dallas 2004, no pet.) (noting that availability of attorney's fees under statute is reviewed de novo).

### B. Defendants can be prevailing parties

Section 134.005(b) of the TTLA provides that "[e]ach person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney's fees." TEX. CIV. PRAC. & REM. CODE ANN. § 134.005(b). The award of fees to a prevailing party in a TTLA action is mandatory. *Bocquet v.*

*Herring*, 972 S.W.2d 19, 20 (Tex. 1998) ("Statutes providing that a party 'may recover,' 'shall be awarded,' or 'is entitled to' attorney fees are not discretionary.").

The TTLA statute does not contain a definition of "prevails" to assist in determining who qualifies as a prevailing party. Courts have looked to the term's "ordinary" meaning to determine its scope for both statutory and contractual claims. *See, e.g.*, *Epps v. Fowler*, 351 S.W.3d 862, 866 (Tex. 2011) (construing written contract to give meaning to undefined term "prevailed" while noting that phrase "prevailing party" is given its ordinary meaning and has been explicated through statutory interpretation by many courts).

Courts have held that the phrase "prevailing party" in section 134.005(b) of the TTLA includes both a plaintiff successfully prosecuting a theft suit and a defendant successfully defending against one. *Peoples v. Genco Fed. Credit Union,* No. 10–09–00032–CV, 2010 WL 1797266, at *7 (Tex. App.—Waco May 5, 2010, no pet.) (mem. op.); *Brown v. Kleerekoper*, No. 01-11-00972-CV, 2013 WL 816393, *5 (Tex. App.—Houston [1st Dist.] March 5, 2013, pet. filed) (mem. op.). A prevailing defendant is entitled to attorney's fees "without any prerequisite that the claim is found to be groundless, frivolous, or brought in bad faith." *Air Routing Int'l Corp. (Canada) v. Britannia Airways, Ltd.,* 150 S.W.3d 682, 686

5

(Tex. App.—Houston [14th Dist.] 2004, no pet.). Thus, Equicap's status defending against a TTLA claim does not prevent recovery of attorney's fees.

We consider next whether Equicap is entitled to attorney's fees given that (1) Equicap lost the breach-of-contract claim it asserted against the Estate and (2) the TTLA claim asserted against it was dismissed for want of prosecution instead of decided based on evidence presented at trial.

## C.    Prevailing on portion of but not entire suit

In *Moak v. Huff,* No. 04–11–00184–CV, 2012 WL 566140, at *11 (Tex. App.—San Antonio Feb. 15, 2012, no pet.) (mem. op.), the defendant lost on the plaintiff's DTPA claim but successfully defended against the plaintiff's TTLA claim. *Id.*, 2012 WL 566140, at *1. The defendant then sought an award of attorney's fees under the TTLA. *Id.*, 2012 WL 566140, at *9.  The plaintiff resisted, arguing that a person does not "prevail in a suit" unless he is the "party in whose favor a judgment is rendered" and is "vindicated by the judgment." *Id.*, 2012 WL 566140, at *10. The plaintiff maintained that the defendant had to prevail on the entire suit to recover attorney's fees under the TTLA. *Id.*

The court of appeals disagreed, holding that "a person who prevails in a TTLA cause of action is entitled to recover the reasonable fees necessarily incurred prosecuting or defending that cause of action, even if the party is unsuccessful on other claims and counterclaims litigated in the same suit." *Id.*, 2012 WL 566140, at

6

\*11; *see Brown*, 2013 WL 816393, at \*5 (holding that defendant who successfully defended theft-of-property claim under TTLA was entitled to attorney's fees even if defendant did not prevail on other causes of action). Thus, Equicap's failure to obtain judgment on its breach-of-contract claim does not affect its recovery of attorney's fees as the prevailing party on the TTLA claim.

**D.   A defendant "prevails" if the plaintiff's claim is dismissed with prejudice**

A party prevails if he "successfully prosecutes the action or successfully defends against it . . . ." *Johns v. Ram-Forwarding, Inc.*, 29 S.W.3d 635, 637–38 (Tex. App.—Houston [1st Dist.] 2000, no pet.). A defendant who has the claims against him resolved by voluntary dismissal without prejudice generally is not considered a prevailing party or entitled to an award of attorney's fees. *Cricket Commc'ns, Inc. v. Trillium Indus., Inc.*, 235 S.W.3d 298, 311 (Tex. App.—Dallas 2007, no pet.); *Travel Music of San Antonio, Inc. v. Douglas*, No. 04–00–00757–CV, 2002 WL 1058527, at \*3 (Tex. App.—San Antonio May 29, 2002, pet. denied) (mem. op., not designated for publication). This is because a dismissal without prejudice does not materially alter the plaintiff's legal relationship with the defendant; the plaintiff is free to reassert his claims and may prevail against the defendant at a later date. *See Epps*, 351 S.W.3d at 869.

The legal relationship between a plaintiff and defendant does change, however, when the plaintiff's claims are dismissed with prejudice. *Epps*, 351

7

S.W.3d at 866–69. When a plaintiff's claims are dismissed with prejudice, the doctrine of res judicata prohibits the plaintiff from re-asserting his claims against that defendant in a later suit. *Epps*, 351 S.W.3d at 867; *see Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991) (holding that dismissal with prejudice functions as final determination on merits); *see also Williams v. TDCJ-Inst. Div.*, 176 S.W.3d 590, 594 (Tex. App.—Tyler 2005, pet. denied) (holding that dismissal with prejudice has full res judicata and collateral estoppel effect).

Res judicata attaches to a dismissal with prejudice even though the plaintiff's claims have not been fully litigated at trial. *See Epps*, 351 S.W.3d at 868–69. Res judicata applies because "a dismissal or nonsuit with prejudice is 'tantamount to a judgment on the merits,'" and the effect of res judicata in that instance "works a permanent, inalterable change in the parties' legal relationship to the defendant's benefit: the defendant can never again be sued by the plaintiff or its privies for claims arising out of the same subject matter." *Id.* at 868–69.

The TTLA claim asserted against Equicap was dismissed with prejudice, but the basis for dismissal was specified as want of prosecution: "Accordingly, it is ORDERED and DECREED . . . that all claims by the Estate . . . are DISMISSED with PREJUDICE, for want of prosecution." *See* TEX. R. CIV. P. 165a (permitting dismissal of plaintiff's claims for want of prosecution).

A dismissal for failure to appear at trial or for want of prosecution should be without prejudice. *See Att'y Gen. v. Rideaux*, 838 S.W.2d 340, 342 (Tex. App.—Houston [1st Dist.] 1992, no writ) ("[A] trial court's authority to dismiss cases for want of prosecution does not confer upon it the authority to adjudicate and deny the merits of the dismissed claim."). An order dismissing a claim with prejudice when only dismissal without prejudice was appropriate can be challenged through a postjudgment motion. *See El Paso Pipe & Supply v. Mountain States Leasing, Inc.*, 617 S.W.2d 189, 190 (Tex. 1981). While admittedly erroneous, a dismissal with prejudice that should have been without prejudice is not automatically void—it is merely voidable. *Id.*; *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863–64 (Tex. 2010) (holding that erroneous order dismissing case with prejudice for want of prosecution "must be attacked directly in order to prevent the order from becoming final . . . ."). A plaintiff must affirmatively challenge the order to avoid it becoming a final judgment. *Joachim*, 315 S.W.3d at 863–64 (citing *El Paso*, 617 S.W.2d at 190). If the plaintiff fails to challenge the error, the order of dismissal with prejudice becomes "a final determination on the merits for purposes of res judicata." *Id.* at 866.

The Estate did not challenge the dismissal of its TTLA claim with prejudice. Accordingly, the dismissal is treated as a final determination on the merits and res

judicata applies. *Joachim*, 315 S.W.3d at 864, 866; *El Paso*, 617 S.W.2d at 190; *see Mossler*, 818 S.W.2d at 754; *see also Williams*, 176 S.W.3d at 594.

Because res judicata applies to the Estate's TTLA claim against Equicap, the parties' legal relationship has changed in a manner that materially benefited Equicap and, as such, permits Equicap to qualify as a prevailing party under the TTLA statute. *See Epps*, 351 S.W.3d at 868 (stating that "we have no doubt that a defendant who is the beneficiary of a nonsuit with prejudice would be a prevailing party."); *cf. Doolin's Harley-Davidson, Inc. v. Young*, No. 06-05-00101-CV, 2006 WL 27983, at *3 (Tex. App.—Texarkana Jan. 6, 2006, no pet.) (mem. op.) (holding that defendant was not prevailing party because matter was dismissed without prejudice and plaintiff retained right to refile case). Accordingly, the trial court was required to award to Equicap its attorney's fees related to defending against the TTLA claim. TEX. CIV. PRAC. & REM. CODE ANN. § 134.005(b) (providing that prevailing party on TTLA claim "shall be awarded" attorney's fees); *Brown*, 2013 WL 816393, at *5. We sustain Equicap's first issue and hold that the trial court erred by denying Equicap's timely request for attorney's fees under the TTLA, given that the trial court ordered dismissal with prejudice.

### Fee Segregation

Equicap contends that the appropriate disposition of this case is to reverse and render judgment for Equicap for the full amount of the attorney's fees it

requested in the trial court, which is $24,500. In doing so, Equicap argues that the Estate has waived any argument that the fee amount requested needed to be segregated.

## A. Fee segregation is not waived

Equicap's counsel testified that he charged $24,500 in attorney's fees but offered no testimony concerning the division of fees between defending the TTLA claim and prosecuting the unsuccessful breach-of-contract claim. Equicap contends that the absence of any objection to that testimony waived a fee segregation argument. The Estate, however, prevailed at trial; the trial court rejected Equicap's breach-of-contract claim and did not award Equicap any attorney's fees. The Estate is not the party appealing the judgment or complaining about the fee award. Because the trial court did not award any fees, the Estate's failure—through non-attendance—to request segregation does not present a vehicle by which Equicap can maintain on appeal that it has conclusively proved its fees as a matter of law; rather, it is Equicap who bears the burden of demonstrating that the evidence conclusively proved its entitlement to all of its attorney's fees, contrary to the trial court's judgment. Because it was entitled to fees for its defense of only part of the claims against it, it did not.

**B.**     **Remand to determine attorney's fees**

We have held that Equicap is entitled to an award of attorney's fees on the TTLA claim because it prevailed through dismissal of the Estate's claim with prejudice. When an award of attorney's fees to a prevailing party is mandated by statute, the factfinder can decide to award zero attorney's fees only if the evidence (1) failed to prove (a) that the attorney's services were provided or (b) the value of the services provided; or (2) affirmatively showed that (a) no attorney's services were needed or (b) that any services provided were of no value. *Recognition Commc'ns, Inc. v. Am. Auto. Ass'n, Inc.*, 154 S.W.3d 878, 891 (Tex. App.—Dallas 2005, pet. denied); *Citibank (S.D.), N.A. v. Tran*, No. 05-11-01423-CV, 2013 WL 3205878, at *6 (Tex. App.—Dallas Aug. 26, 2013, pet. denied) (mem. op.).

If there is any evidence in support of the award of fees, the factfinder does not have discretion to award no fees. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311–14 (Tex. 2006); *see also Tran*, 2013 WL 3205878, at *7 (holding that prevailing party could not be awarded zero attorney's fees by jury when attorney testified that he provided legal services and his testimony established that services had value); *Glenn v. Pack*, No. 02-09-00204-CV, 2011 WL 167254, at *7 (Tex. App.—Fort Worth Jan. 13, 2011, no pet.) (mem. op.) (holding that jury could not award zero attorney's fees on breach-of-contract counterclaim when attorney testified to some fee amount).

A prevailing party entitled to attorney's fees is required to "segregate fees between claims for which they are recoverable and claims for which they are not." *Chapa*, 212 S.W.3d at 311. Failure to segregate, though, does not result in the denial of any fee. *Tran*, 2013 WL 3205878, at *7 (holding that testimony of aggregate fee was some evidence of segregated fees and, therefore, supported remand); *Glenn*, 2011 WL 167254, at *7 ("[Party's] failure to segregate fees does not mean that he cannot recover any fees . . . ."). Rather, testimony of the full, unsegregated amount of the fee is treated as "some evidence" of the segregated fee amount, and remand is appropriate to determine the segregated fee amount due. *Glenn*, 2011 WL 167254, at *7; *Wright v. McCusker*, No. 04-99-00592-CV, 2000 WL 863099, at *2 (Tex. App.—San Antonio June 28, 2000, no pet.) (mem. op., not designated for publication).

Because the reasonableness of a fee award is a question of fact and Equicap produced some evidence of its fees, we remand for a new trial on attorney's fees.

## Conclusion

Having sustained Equicap's first issue, we reverse the trial court's judgment denying attorney's fees and remand for a new trial on attorney's fees.

Harvey Brown
Justice

Panel consists of Justices Keyes, Bland, and Brown.