COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      Bacon-Tomsons, Ltd., BRL Oil and Gas, L.L.C., and Ferrell Edwin Munson v. Chrisjo Energy, Inc. and Jack M. Cline

Appellate case number:    01-15-00305-CV

Trial court case number:    12CV0428

Trial court:                122nd Judicial District Court of Galveston County

Appellants, Bacon-Tomsons, Ltd., BRL Oil and Gas, L.L.C., and Ferrell Edwin Munson, filed a notice of appeal on April 6, 2015, from the trial court's order granting appellees' motion for directed verdict, signed on March 4, 2015. Appellees, Chrisjo Energy, Inc. and Jack M. Cline, timely filed a post-trial motion to modify the judgment on March 18, 2015, to dispose of their pending claim for attorney's fees, which they contend were mandatory under the Texas Theft Liability Act. *See* TEX. R. CIV. P. 329b(a). On May 29, 2015, appellees filed an opposed motion to abate appeal in this Court for entry of a final judgment, claiming that the trial court had stated that it would issue a timely ruling after a hearing on appellees' motion for attorneys' fees was held on May 28, 2015.

Although appellants initially opposed the appellees' motion to abate on June 8, 2015, now appellants have filed their own motion to abate appeal on August 3, 2015. Appellants contend that, while the trial court signed an order granting appellees' motion for attorneys' fees on July 8, 2015, that was signed after the trial court's plenary power had expired. Nevertheless, appellants seek abatement for thirty days because, among other reasons, appellees have filed an amended motion for entry of final judgment, which is set for submission in the trial court on August 5, 2015, and abatement is needed to allow for the trial court to enter final judgment and a supplemental clerk's record to be filed in this Court, if any.

Under the Texas Theft Liability Act, attorneys' fees are mandatory for the prevailing party. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 134.005(b) (West Supp. 2014) ("Each person who prevails in a suit under this chapter shall be awarded court

costs and reasonable and necessary attorney's fees."); *see also Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998) ("Statutes providing that a party 'may recover,' 'shall be awarded,' or 'is entitled to' attorney fees are not discretionary.") Prevailing parties can include defendants defending against a Texas Theft Liability Act claim. *See Arrow Marble, LLC v. Estate of Killion*, 441 S.W.3d 702, 706 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (holding that party's status defending against Texas Theft Liability Act claim "does not prevent recovery of attorney's fees.").

Accordingly, appellants' unopposed motion to abate is **GRANTED**, appellees' opposed motion to abate is **DISMISSED AS MOOT**, and this case is **ABATED** and **REMANDED** to the trial court to render a final judgment. *See* TEX. R. APP. P. 27.2 (stating that "appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record."); *see also McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (reversing and remanding for court of appeals to determine whether to abate appeal to permit trial court to render final judgment or to dismiss for want of jurisdiction). However, if a supplemental clerk's record containing a final judgment is not received within **30 days** of the date of this order, this appeal may be dismissed for want of jurisdiction unless appellants move to extend the abatement and an extension is granted. *See* TEX. R. APP. P. 42.3(a), 43.2(f); *McNally*, 52 S.W.3d at 196.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when a supplemental clerk's record containing a final judgment is filed in this Court.

It is so ORDERED.


Judge's signature: /s/ <u>Evelyn V. Keyes</u>
                     ☒ Acting individually      ☐ Acting for the Court

Date: August 20, 2015