**Opinion issued May 29, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00626-CV

———————————

**WHITE LION HOLDINGS, L.L.C. AND BERNARD MORELLO,**
**Appellants**

**V.**

**INSGROUP, INC. D/B/A INSGROUP AGRICULTURAL INSURANCE AGENCY, SCOTTSDALE INSURANCE COMPANY, AND U.S. RISK UNDERWRITERS, INC., Appellees**

---

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 06-DCV-148721**

---

## MEMORANDUM OPINION

After they failed to appear for a pretrial hearing, the trial court dismissed Appellants White Lion Holdings, L.L.C. and Bernard J. Morello's (collectively, "White Lion") case for want of prosecution and denied their motion to reinstate.

Because we cannot conclude the trial court abused its discretion pursuant to the governing standards, we affirm.

## I. Background

White Lion filed this suit against the three companies—an insurer and two of its intermediaries—in 2006. White Lion settled with two of them, leaving Appellee Insgroup, Inc. ("Insgroup") as the only remaining defendant.

The case was reset multiple times before being tried to a jury in 2018. After White Lion rested, the trial court granted Insgroup's motion for directed verdict and entered judgment in its favor. White Lion appealed, and this Court affirmed in part, reversed in part, and remanded the case for further proceedings. *See White Lion Holdings, L.L.C. v. Insgroup, Inc.*, No. 01-18-00851-CV, 2019 WL 7341670, at \*6 (Tex. App.—Houston [1st Dist.] Dec. 31, 2019, pet. denied) (mem. op.) ("*White Lion I*"). Our mandate for *White Lion I* was filed with the trial court in November 2020.

The case then sat dormant for over two-and-a-half years, largely during the COVID-19 pandemic. In August 2022, Insgroup moved for a June 2023 trial setting, arguing that such a setting would "allow [White Lion] to obtain new counsel in light of [White Lion's] counsel's representation that she would be withdrawing from representing Plaintiffs in this matter." The record does not reflect that White Lion filed a response. On September 27, 2022, the trial court

signed an order setting the case for trial on June 6, 2023, and scheduling a pretrial hearing on April 28, 2023. Thus, White Lion had around seven months to retain new counsel and prepare for the pretrial hearing.

White Lion did not appear at the pretrial hearing. The trial court's docket entry states, "Defendant present at pre-trial. Plaintiff did not appear. Defendant requests DWOP. Hearing to be scheduled on DWOP. Notice to go out to parties."

On May 31, 2023, Insgroup served an "Amended Notice of Hearing" on White Lion, stating that the trial court "intends to dismiss this case for want of prosecution" ("DWOP") and setting a DWOP hearing on June 26, 2023. The amended notice states that it was being given "pursuant to Texas Rule of Civil Procedure 165a" and that "[t]his case will be dismissed unless good cause is presented for this case to remain on the docket at this dismissal hearing." The record reflects that this notice was served on White Lion's counsel.

On June 9, 2023, White Lion filed an agreed motion to substitute counsel, which stated, "the granting of the substitution . . . will cause no delay of prosecution in this matter." The trial court granted the motion the same day.

The trial court conducted the DWOP hearing during the afternoon of June 26, 2023. Both parties appeared through counsel, but the record does not include a transcript of this hearing. A few hours before the hearing, White Lion's new counsel filed a sworn motion to retain, incorrectly stating that there "has been no

retrial date set." White Lion argued in the motion that "[g]ood cause exists to retain the case because [they] have secured new legal counsel to proceed to a trial forthwith on a date to be set by [the trial court] and with reasonable notice to [Insgroup]." The trial court denied White Lion's motion and dismissed the case with prejudice for want of prosecution, expressly determining "THERE IS NOT GOOD CAUSE to maintain this case on the Court's docket." The trial court's order also provided that the dismissal was "with prejudice."

White Lion then filed a motion to reinstate, arguing for the first time that disruptions to the court system due to the COVID-19 pandemic prevented White Lion from "diligently proceed[ing] to a re-trial on the merits." Insgroup filed a response to the motion to reinstate. The trial court conducted a hearing on the motion to reinstate, but again, the record does not contain a transcript of the hearing. The trial court denied the motion, and this appeal followed.

## II. Analysis

In two issues, White Lion argues the trial court abused its discretion by dismissing this case for want of prosecution and denying the motion to reinstate.[1]

---

[1] As a sub-issue, White Lion also argues it did not receive proper notice of the DWOP hearing. White Lion does not claim it did not receive *actual* notice of the hearing (after all, White Lion filed a motion to retain and attended the hearing), but argues notice was improper because it came from Insgroup rather than from the trial court clerk as provided in Rule 165a. *See* TEX. R. CIV. P. 165a.1 (providing notice "must be sent by the clerk to the parties"). We reject this hyper-technical argument because White Lion did not raise the argument before the

4

## A. Standard of review

We review both a trial court's dismissal for want of prosecution and its denial of a motion to reinstate for a "clear abuse of discretion." *Straus v. Auto Mgmt., Inc.*, No. 01-07-00158-CV, 2010 WL 336995, at *2 (Tex. App.—Houston [1st Dist.] Jan. 28, 2010, no pet.) (mem. op.) (citing *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (dismissal for want of prosecution), and *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 467 (Tex. 1995) (denial of motion to reinstate)). A trial court abuses its discretion when it acts in an arbitrary manner without reference to any guiding rules or principles. *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011).

## B. Propriety of DWOP

In its first issue, White Lion contends the trial court abused its discretion in not finding good cause to retain this case and dismissing it for want of prosecution. We disagree.

A trial court's authority to dismiss a case for want of prosecution stems from two sources: Texas Rule of Civil Procedure 165a and the court's inherent power. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). Rule

---

DWOP hearing in which it readily participated and because "several Texas courts have held that a dismissal for want of prosecution may be obtained by the motion of the trial court or on the motion of any party to the suit." *Lessard v. Velsicol Chem. Corp.*, No. 13-00-00113-CV, 2009 WL 1089362, at *5 (Tex. App.—Corpus Christi-Edinburg Apr. 23, 2009, pet. denied) (mem. op.).

165a establishes two bases for dismissal. Under Rule 165a.1, a trial court can dismiss a case for want of prosecution "on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." TEX. R. CIV. P. 165a.1. Under Rule 165a.2, "[a]ny case not disposed of within time standards promulgated by the Supreme Court under its Administrative Rules may be placed on a dismissal docket." TEX. R. CIV. P. 165a.2. The Texas Supreme Court's Administrative Rules state that a civil jury case like this one should be brought to a trial or final disposition within eighteen months from the appearance date. TEX. R. JUD. ADMIN. 6.1(a)(1). However, this eighteen-month administrative rule is not a "rigid deadline." *See Approximately $198,006.00 U.S. Currency v. State*, No. 07-19-00275-CV, 2020 WL 4249740, at *3 (Tex. App.—Amarillo July 21, 2020, no pet.) (mem. op.).

Here, the trial court could have considered dismissal under either Rule 165a basis because White Lion failed to appear for the pretrial hearing and took no action in this case for almost thirty-three months after remand from *White Lion I*. Either way, White Lion was required to show "good cause for the case to be maintained [on the trial court's] docket," because Rules 165a.1 and 165a.2 are both governed by a "good-cause" standard. *See In re Conner*, 458 S.W.3d 532, 535 (Tex. 2015) (orig. proceeding) (per curiam); *Folsom v. Folsom*, No. 01-22-00531-

6

CV, 2024 WL 187443, at *2 (Tex. App.—Houston [1st Dist.] Jan. 18, 2024, no pet.) (mem. op.).

White Lion argues it met the good-cause standard because it: (1) diligently prosecuted the case throughout its history, including a jury trial, securing a reversal on appeal in *White Lion I*, and defending against a petition for review in the Supreme Court of Texas; (2) retained new counsel after the trial court set the DWOP hearing, who requested that the case "proceed to a trial forthwith on a date to be set by this court"; and (3) did not bring the case to trial sooner following remand because the COVID-19 pandemic caused disruptions to the court system.

We conclude the trial court did not abuse its discretion in holding that none of these reasons provided good cause to retain this case on its docket. At the outset, we note that White Lion offers no explanation for its failure to attend the pretrial hearing. Under Rule 165a.1, the trial court was within its discretion to dismiss the case for this reason alone. *See* TEX. R. CIV. P. 165a.1; *Hudson & Keyse, L.L.C. v. Gipson*, No. 01-07-00380-CV, 2008 WL 257387, at *2 (Tex. App.—Houston [1st Dist.] Jan. 31, 2008, no pet.) (mem. op.) (determining that, where party who failed to appear for trial setting did not "assert any specific reason as to why it was not required to appear," "we cannot conclude that the trial court abused its discretion in dismissing the case for want of prosecution under Rule 165[a]").

White Lion's claim to have diligently prosecuted this case did not require the trial court to find good cause to retain it because such efforts to prosecute the case were undertaken prior to remand in *White Lion I*. During the almost thirty-three months between remand and dismissal, the record does not reflect that White Lion took any action to prosecute this case or bring it to trial. Nor is a different conclusion required by White Lion's claim that the COVID-19 pandemic disrupted the court system.

The pretrial hearing White Lion failed to attend was held on April 28, 2023, almost two months after the COVID-19 protocols had been lifted. *See* Supreme Court of Texas, Misc. Dckt. No. 23-9005, *Final General Emergency Order Regarding the COVID-19 State of Disaster*, ¶ 7 (Tex. Jan. 27, 2023) (stating that this final COVID-19 order "expires March 1, 2023"). And White Lion relies on COVID-19's disruption of the court system only in a general sense, without explaining how this disruption impacted its ability to attend the pretrial hearing or prosecute this case. Thus, the trial court did not abuse its discretion by rejecting COVID-19 as a basis for good cause. *See Folsom*, 2024 WL 187443, at *6 ("A review of recent caselaw discussing the effects of the Covid-19 pandemic shows that a specific excuse can be a reasonable explanation for delay, . . . [b]ut citing generally the difficulties of working during the early days of the pandemic is not a reasonable explanation for months-long delay." (citations omitted)); *In re McBryde*

*Fam. Tr.*, No. 13-20-00473-CV, 2021 WL 4897562, at *7 (Tex. App.—Corpus Christi-Edinburg Oct. 21, 2021, no pet.) (mem. op.) (same).

Finally, the trial court did not abuse its discretion in concluding White Lion's retention of new counsel following notice of the DWOP hearing was not good cause to retain the case. White Lion merely stated that it retained new counsel "to proceed to a trial forthwith on a date to be set by this court," without addressing why White Lion had failed to appear for the April 28, 2023 pretrial hearing that had been noticed around seven months earlier. In the absence of any such explanation, we cannot say the trial court abused its discretion in concluding that White Lion's retention of new counsel fell short of the good cause necessary to retain this case. *See Southwell Inv. Grp., III v. Indwell Res., Inc.*, No. 14-08-00695-CV, 2010 WL 1379987, at *2 (Tex. App.—Houston [14th Dist.] Apr. 8, 2010, no pet.) (mem. op.) (affirming dismissal for want of prosecution in part because plaintiff "did not obtain new counsel until after the trial court sent out its notice of intent to dismiss for want of prosecution").

We overrule White Lion's first issue.

## C. White Lion's motion to reinstate

In its second issue, White Lion contends the trial court abused its discretion by denying the motion to reinstate. Reinstatement following a dismissal for want of prosecution is governed by Texas Rule of Civil Procedure 165a.3, which states

9

that "[t]he court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." TEX. R. CIV. P. 165a.3. "[T]o obtain reinstatement of a case after dismissal for want of prosecution regardless of the grounds for dismissal, a party must demonstrate 'the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.'" *Folsom*, 2024 WL 187443, at *4 (quoting TEX. R. CIV. P. 165a.3). The party seeking reinstatement bears the burden of producing a record establishing that reinstatement is required. *Templos v. Ford Motor Co.*, No. 01-12-00636-CV, 2013 WL 2948316, at *2 (Tex. App.—Houston [1st Dist.] June 11, 2013, no pet.) (mem. op.).

White Lion failed to carry this burden. Again, it offers no explanation for why it missed the pretrial hearing, let alone an explanation showing its failure to attend was due to accident or mistake. Likewise, White Lion makes no attempt to "otherwise reasonably explain[]" its failure to take action on the case during the almost thirty-three months after remand from *White Lion I*, beyond claiming generalized disruptions to the court system as the result of the COVID-19 pandemic. *See* TEX. R. CIV. P. 165a.3. As already explained, such generalized

10

statements did not require the trial court to conclude that White Lion had "otherwise reasonably explained" its delay in prosecution. *See Folsom*, 2024 WL 187443, at \*6. We have affirmed dismissals and denials of reinstatement for shorter periods of inactivity. *See, e.g.*, *Kennard Law*, *PC v. Patton*, No. 01-22-00305-CV, 2023 WL 2697890, at \*5 (Tex. App.—Houston [1st Dist.] Mar. 30, 2023, no pet.) (mem. op.) (holding no abuse of discretion in dismissing case that was pending for fourteen months); *Childress v. Casa Del Mar Ass'n*, No. 01-10-00913-CV, 2011 WL 5617939, at \*7 (Tex. App.—Houston [1st Dist.] Nov. 17, 2011, pet. denied) (mem. op.) (twelve months); *Douglas v. Douglas*, No. 01-06-00925-CV, 2008 WL 5102270, at \*2 (Tex. App.—Houston [1st Dist.] Dec. 4, 2008, pet. denied) (mem. op.) (eight months). Therefore, the trial court did not abuse its discretion in denying White Lion's motion to reinstate.

We overrule White Lion's second issue.[2]

---

[2] White Lion also appears to complain the trial court erred in dismissing this case for want of prosecution "with prejudice." Generally, a DWOP should be without prejudice. *Arrow Marble, LLC v. Est. of Killion*, 441 S.W.3d 702, 708 (Tex. App.—Houston [1st Dist.] 2014, no pet.). But a DWOP with prejudice that should have been without prejudice is not void; it is voidable and thus subject to waiver. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863–64 (Tex. 2010); *Cordova v. Hodge*, No. 13-06-640-CV, 2007 WL 4112018, at \*2 n.2 (Tex. App.—Corpus Christi-Edinburg Nov. 20, 2007, no pet.) (mem. op.). Because the record does not reflect that White Lion argued in the trial court that the DWOP should not have been with prejudice, the issue has not been preserved for our review.

### III.   Conclusion

We affirm the trial court's judgment.

Andrew Johnson
Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.