

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00433-CV

Rashin **MAZAHERI** and Eleven Eleven Enterprises LLC,
Appellants

v.

**ROSENBLATT LAW FIRM**, James Rosenblatt, and Jennifer B. Rosenblatt
Appellees

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2021-CI-03260
Christine Vasquez Hortick, Judge Presiding

Opinion by:     Velia J. Meza, Justice

Sitting:         Lori I. Valenzuela, Justice
                Adrian A. Spears II, Justice
                Velia J. Meza, Justice

Delivered and Filed: June 25, 2025

AFFIRMED

Eleven Eleven Enterprises, LLC.[1] and Rashin Mazaheri appeal from the jury's take nothing

judgment and the trial court's orders granting directed verdicts and awarding attorney's fees in

favor of the Rosenblatt Law Firm, James Rosenblatt, and Jennifer B. Rosenblatt.[2]

---

[1] Hereinafter referred to by name or as "EEE."

[2] Hereinafter, the Rosenblatt Law Firm, James Rosenblatt, and Jennifer B. Rosenblatt, are referred to collectively as "the Rosenblatts."

On February 23, 2021, EEE and Mazaheri filed suit against Robert A. Plada[3] for declaratory judgment, a claim for Texas Theft Liability Act ("TTLA"), and a claim for Conspiracy to Commit Theft. Nearly two years later, on February 8, 2023, EEE and Mazaheri filed their First Amended Petition adding the Rosenblatts, and additional claims for fraudulent transfer and conspiracy. Thereafter, between the time the Rosenblatts filed their original answer and the start of the jury trial, the parties engaged in extensive pretrial litigation. Ultimately, on August 21, 2023, EEE and Mazaheri nonsuited Plada from the lawsuit.[4]

At the conclusion of the trial, the jury found that James Rosenblatt and Plada committed theft against EEE but found that EEE sustained zero damages. EEE moved for a judgment notwithstanding the verdict ("JNOV") which the trial court denied. After the trial court denied the JNOV, the parties submitted the issue of attorney's fees for resolution to the trial court. The trial court ruled that the Rosenblatts prevailed under the TTLA and awarded their attorney's fees in the amount of $82,771.00, as well as court costs and expenses in the amount of $2,136.06.

On appeal, EEE and Mazaheri challenge the judgment and argue that they are the prevailing parties and entitled to their attorney's fees. In the alternative, EEE and Mazaheri argue the Rosenblatts are not the prevailing parties entitled to their attorney's fees.

BACKGROUND

While married, Mazaheri and Plada formed Eleven Eleven Enterprises, LLC, a limited liability company, on July 8, 2011. Mazaheri and Plada were EEE's only members; with Mazaheri

---

[3] Robert A. Plada is not a party in this appeal.

[4] In Cause Number 2019-CR-10938 styled *In the Matter of the Marriage of R.M. and Robert A. Plada, and In the Interest of D.M.,* filed in the 57th Judicial District Court of Bexar County, Texas, the parties entered into a negotiated settlement agreement on May 22, 2022. The agreement provided in relevant part, "MOM, individually and as the Managing Shareholder of Eleven Eleven Enterprises, agrees to non-suit 2021-CI-03260 and waives recovery of all damages sought in that litigation." The Rosenblatts raised the issue of jurisdiction and mootness during a pretrial conference in which the trial court denied the challenge. However, the court allowed the Rosenblatts to designate Plada as a responsible third party prior to the start of trial.

owning a majority interest and Plada a minority interest. EEE acquired and operated several rental properties over the course of several years.

On May 31, 2019, Mazaheri filed for divorce against Plada, and obtained a temporary order from the trial court judge presiding over their divorce case which stated:

> 8. IT IS ORDERED that [EEE] shall be under the sole control and management of [Mazaheri]
>
> . . .
>
> 10. IT IS ORDERED that [Plada] is precluded from accessing [EEE]'s bank account for any purpose other than to electronically view the account.

(hereinafter, the "Temporary Orders"). The Temporary Orders were pronounced and rendered on October 14, 2019, but ministerially signed August 26, 2020.

Sometime in December of 2020, while the divorce was still ongoing and the Temporary Orders still in effect, Plada's divorce attorney advised him to seek a business attorney's opinion to determine the feasibility of dissolving EEE. In light of this advice, Plada retained the Rosenblatt Law Firm and worked with James Rosenblatt. According to James Rosenblatt, during their initial meeting Plada expressed his belief that Mazaheri engaged in conduct that utilized EEE's assets for her personal gain and in a manner detrimental to EEE and his interest in the company. As a means to investigate Plada's allegations, James Rosenblatt reviewed a company agreement, checks, bank statements, and EEE's bank account. According to Rosenblatt, Plada provided all the documents for his review.

On February 10, 2021, James Rosenblatt organized a plan to expel Mazaheri from EEE through a Unanimous Consent[5] pursuant to the company agreement. On February 10, 2021, James Rosenblatt and Plada executed the Unanimous Consent.

---

[5] Hereinafter referred to as the "Unanimous Consent."

The Unanimous Consent purported to expel Mazaheri from EEE and transfer her interest to Plada, providing him with a 100% interest in EEE. On February 12, 2021, Plada went to a local Chase branch office and opened a new Chase business account[6] in EEE's name. Plada was the exclusive authorized signer on behalf of EEE. Plada transferred all the funds from EEE's original Chase account[7] into the Second Chase Account. Plada subsequently sent letters[8] drafted by James Rosenblatt directly to EEE's tenants informing them of Mazaheri's expulsion and instructing them to make future rent payments to the Second Chase Account or directly to him. Six days after the Unanimous Consent expelled Mazaheri, on February 18, 2021, James Rosenblatt emailed Mazaheri a letter informing her of the execution of the Unanimous Consent and her expulsion from EEE.

After receiving James Rosenblatt's letter, Mazaheri retained counsel and filed suit on February 23, 2021. EEE, and Mazaheri in her individual capacity, filed claims for declaratory judgment, TTLA, fraudulent transfer, and conspiracy, against Plada. Additionally, EEE and Mazaheri requested a temporary restraining order and temporary injunction. Notably, this suit was filed separately from Mazaheri and Plada's divorce case.

At both the temporary restraining order and the temporary injunction hearing, Jenniffer Rosenblatt, a litigation attorney with the Rosenblatt Law Firm, stated that she represented Plada and EEE. During her appearances, she also argued the validity of the Unanimous Consent. The trial court ultimately granted EEE and Mazaheri's request for the temporary restraining order and temporary injunction prohibiting Plada from managing or operating any matters related to EEE.

---

[6] We will refer to EEE's new Chase bank account as the "Second Chase Account."
[7] We will refer to EEE's original Chase bank account as the "First Chase Account."
[8] Hereinafter referred to as the "Tenant Letter."

On April 9, 2021, the Rosenblatt Law Firm and the Rosenblatts formally withdrew as attorneys of record.

Nearly two years later, on February 8, 2023, EEE and Mazaheri added the Rosenblatts as defendants to the suit raising the same claims as Plada, including their TTLA claim. Prior to trial, EEE and Mazaheri settled their claims against Plada. After removing Plada from the suit, EEE and Mazaheri proceeded to trial solely against the Rosenblatts. Before handing the case to the jury for deliberation, the trial court considered the Rosenblatts' motions for directed verdict. Importantly, the trial court granted a directed verdict which disposed of Mazaheri's individual claims, including her TTLA claim, against the Rosenblatts. Based on the trial court's other rulings on the Rosenblatts' motions for directed verdict, the jury was only asked to decide EEE's TTLA and conspiracy claims against the Rosenblatts.

On August 26, 2023, the jury returned their verdict finding that Plada and James Rosenblatt perpetrated a theft against EEE, that Plada was 51% responsible for such theft and Rosenblatt 49%, responsible. However, the jury rendered a verdict that EEE sustained zero dollars in actual damages. Specifically, in considering the monies withdrawn from EEE's bank account and any late fees in relation to the mortgage payments, the jury answered the damages were zero. The jury did not answer the conspiracy question in its verdict form.

On November 16, 2023, EEE moved for a JNOV, which the trial court denied. The parties agreed to submit the issue of attorney's fees to the trial court. After hearing evidence, the trial court—based on its directed verdict against Mazaheri's claims and the jury's verdict of zero damages—awarded the Rosenblatts their attorney's fees in the amount of $82,771.00, as well as court costs and expenses in the amount of $2,136.06. The trial court entered the Judgment on April

3, 2024. EEE and Mazaheri filed a Motion for New Trial on May 3, 2024, which was overruled by operation of law. EEE and Mazaheri appealed.

## DISCUSSION

1.    Sufficiency of the Evidence Relating to EEE and Mazaheri's Damages

It is well settled that limited liability companies are legally distinct from their members and managers. *See Rieder v. Woods*, 603 S.W.3d 86, 98 (Tex. 2020). Thus, in examining the sufficiency of the evidence pertaining to EEE and Mazaheri's damages, it is important to determine whose damages we are considering, since the standard of review varies in this case. As detailed above, the jury only considered the damages arising from EEE's TTLA claim. Therefore, the damages attributed to EEE's claims are reviewed under the standard of review for a denial of a JNOV.

All other damages alleged by EEE and Mazaheri were disposed of by the Rosenblatts' motions for directed verdict. "Generally, a party against whom a directed verdict has been granted is not required to preserve error in the trial court regarding a complaint that the trial court reversibly erred in granting the directed verdict." *Stearns v. Martens*, 476 S.W.3d 541, 547 n.3 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (citation omitted). Thus, like a no-evidence summary judgment review, we review de novo the evidentiary legal sufficiency of EEE and Mazaheri's claims resolved by directed verdicts. *City of Baytown v. Schrock*, 645 S.W.3d 174, 178 (Tex. 2022).

1.1    Legal Sufficiency of EEE's Damages Decided by the Jury

"The standard of review for a denial of JNOV is the same as the standard for our typical appellate no-evidence review." *Williams v. State*, 406 S.W.3d 273, 282 n.3 (Tex. App.—San Antonio 2013, pet. denied) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005)). No-evidence reviews require appellate courts to review the legal sufficiency of the evidence. *City*

*of Keller*, 168 S.W.3d at 810-11. When a party attacks the legal sufficiency of an adverse finding on an issue on which they have the burden of proof, on appeal they must demonstrate that the evidence establishes all vital facts in support of their issues as a matter of law. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). "We must review the evidence in the light most favorable to the challenged finding, crediting any favorable evidence if a reasonable factfinder could and disregarding any contrary evidence unless a reasonable factfinder could not." *Rentech Steel, L.L.C. v. Teel*, 299 S.W.3d 155, 159 (Tex. App.—Eastland 2009, pet. dism'd) (citation omitted).

In conducting our review, we must be mindful that the jury is the sole judge of the witnesses' credibility and the weight given to their testimony. *City of Keller*, 168 S.W.3d at 819. Thus, we should defer to the jury's verdict as they are entitled to believe or disbelieve witnesses—even if they are uninterested and their testimony is uncontradicted and unimpeached. *Id.* at 820.

We begin our analysis of the evidence with the charges as submitted to the jury. In Question No. 3, the jury was asked:

> What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff Eleven Eleven Enterprises, LLC for its damages, if any, that resulted from such unlawful appropriation?
>
> . . .
>
> Answer: $_____

The jury answered "$0."

In support of its claim of damages, EEE presented evidence that when Plada withdrew all monies from the First Chase Account, $13.95 was never returned. Additionally, EEE incurred a total of $200 in late fees on four mortgages during the period when the First Chase Account was depleted.

As the plaintiff, EEE carried the burden to prove that it sustained damages resulting from the Rosenblatts' theft. TEX. CIV. PRAC. & REM. CODE § 134.005. Theft under the TTLA is defined as "unlawfully appropriating property or unlawfully obtaining services as described by" various sections of the Texas Penal Code. TEX. CIV. PRAC. & REM. CODE § 134.002(2). In its most basic form, theft is defined as the unlawful appropriation of property with the intent to deprive the owner of the property. TEX. PEN. CODE § 31.03(a). Therefore, to succeed on its legal sufficiency challenge, the evidence must conclusively establish that EEE was the owner of the property subject to the Rosenblatts' theft, and that such theft resulted in EEE sustaining damages as a matter of law. *Dow Chem. Co.*, 46 S.W.3d at 241.

### 1.1.1   Legal Sufficiency of EEE's $13.95 Damages in Stolen Funds

In support of its claim of the stolen funds, EEE offered Mazaheri's testimony that Plada committed theft by withdrawing $6,392.95 from EEE's First Chase Account and only returned $6,379, resulting in a theft of $13.95. We disagree.

EEE contends that the $6,392.95 taken from its First Chase Account occurred over three withdrawals made by Plada: (1) the initial withdrawal of EEE's $6,371.95 from the First Chase Account, (2) the withdrawal of the $20 that Mazaheri deposited into the First Chase Account subsequent to Plada's first withdrawal, and (3) the withdrawal of the $1 that Mazaheri deposited into the First Chase Account after the $20 was withdrawn. Notably, the record conclusively establishes that—contrary to Mazaheri's testimony—the $1 deposited into the First Chase Account was never withdrawn. Therefore, EEE's alleged damages are $12.95.

Despite the amount of the theft, it is uncontested that Plada made the transfers and Plada, not the Rosenblatts, failed to return the $12.95 to EEE's First Chase Account. It is also uncontested that the $12.95 was deposited into the Second Chase Account. The Second Chase Account, as

Plada testified, was opened in EEE's name, not his own. Consequently, EEE was the owner of both bank accounts and had control over the funds in both bank accounts.

Thus, viewing the evidence in the light most favorable to the jury's finding, we conclude that the evidence presented does not conclusively establish that Jennifer Rosenblatt or the Rosenblatt Law Firm were responsible for the $12.95 theft against EEE. Additionally, while the jury did find that James Rosenblatt's was proportionately responsible for $12.95 theft, they were free to believe that EEE did not sustain damages.

### 1.1.2   Legal Sufficiency of EEE's $200 Damages in Late Mortgage Fees

EEE also argues that it conclusively established its $200 damages from late fees on four different mortgages during the period when the First Chase Account was depleted. We disagree.

Mazaheri testified that while the First Chase Account was depleted, EEE was unable to make payments on four mortgages resulting in late fees. Mazaheri detailed that EMC, a mortgage company owned by Mazaheri's "friend who did hard-money lending," charged EEE $150 in late fees on the three mortgages it serviced. Mazaheri also stated that Tex Frio charged a late fee on the one mortgage it serviced. Mazaheri, however, could "not recall how much Tex Frio['s]" late fee was, but insisted that "[i]t [could not] be more that [$]50." As to why she could not recall the amount of Tex Frio's late fee, Mazaheri testified that Tex Frio "never sen[t her] statements because [they are] family friends." On cross-examination, Mazaheri stated that the late fees were not paid, but instead were added to the balances of the mortgages. When asked about the balances of EEE's mortgages, Mazaheri could not state "how much they were."

Here, the jury was free to believe or disbelieve Mazaheri, even if her testimony was uncontradicted. *Dunn v. Bank-Tec S.*, 134 S.W.3d 315, 324 (Tex. App.—Amarillo 2003, no pet.). This was especially true when she could not adduce the amount of Tex Frio's late fees, or the

balances of the mortgages which allegedly increased from the lenders adding the late fees to the mortgages' principals. The jury could also have decided that they were not convinced by the bona fides of EEE's claim that it incurred these late fees by a preponderance of the evidence. *Id.* at 324-25.

Nonetheless, the standard of review prohibits us from reversing the judgment simply because we may conclude that the evidence preponderates towards a finding more favorable to EEE. *Id.* at 325. Therefore, because the great weight of the evidence does not support a contrary result in this case, we may not intervene. *Id.*

 1.2 Sufficiency of EEE and Mazaheri's Damages Disposed of by Directed Verdict

The standard of review for the claims and damages disposed of by a trial court's granting of directed verdicts is "de novo, using the legal sufficiency standard appellate courts apply to no-evidence summary judgments." *City of Baytown*, 645 S.W.3d at 178 (citations omitted). "A trial court properly grants a directed verdict when no evidence supports a vital fact or the evidence fails to state a claim as a matter of law." *Id.* (citation omitted) "[W]e examine the evidence in the light most favorable to the person suffering an adverse judgment and decide whether there is any evidence of probative value to raise an issue of material fact on the question presented." *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 217 (Tex. 2011).

 1.2.1 Legal Sufficiency of the Evidence Supporting Mazaheri's TTLA Claim

Although analyzed in a different light, we have thoroughly examined the evidence pertaining to the alleged damages arising from James Rosenblatt's theft. Nevertheless, we will examine whether the evidence presented raised an issue of material fact as to Mazaheri's TTLA claim.

One essential element to a TTLA claim is ownership of the unlawfully appropriated property. TEX. CIV. PRAC. & REM. CODE §§ 134.002(2), 134.005; TEX. PEN. CODE § 31.03(a). As already well-established in Texas, "limited liability companies and their obligations are legally distinct from their members and managers." *Rieder*, 603 S.W.3d at 98. Accordingly, Mazaheri carried the burden to establish that she owned the stolen property in her individual capacity.

It is uncontested that EEE owned the $6,371.95 stolen from the First Chase Account. As a result, any alleged damages arising from such theft, including the alleged late mortgage fees added to the mortgages' principals, are EEE's to claim, not Mazaheri's. *See Benavides v. Mathis*, No. 04-13-00270-CV, 2014 WL 1242512, at *2 (Tex. App.—San Antonio Mar. 26, 2014, pet. denied) (holding that to have standing for a claim of theft, ownership of over such property is a requisite). With respect to the missing $12.95, the record is unclear as to whether Mazaheri or EEE owned it; the ownership of such being critical for the fact finder to determine who sustained damages, if any. Thus, the evidence fails to establish an essential element of Mazaheri's TTLA claim: ownership of the appropriated property.

Viewed in the light most favorable to Mazaheri, the evidence does not support a vital fact of Mazaheri's claim—ownership over the unlawfully appropriated property. Consequently, the trial court properly granted directed verdict on Mazaheri's TTLA claim.

### 1.2.2 EEE and Mazaheri's $2,878.50 Damages in Evicting a Tenant and $182 Damages in Filing Lis Pendens

The Texas Rules of Appellate Procedure requires an appellant's brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1. "Issues raised on appeal, but not properly briefed, are waived" *In re L.S.*, No. 04-10-00532-CV, 2011 WL 4828016, at *2 (Tex. App.—San Antonio Oct. 12, 2011, no pet.) (mem. op.) (citations omitted).

Here, while EEE and Mazaheri argue that the evidence is legally sufficient to establish their damages arising from the eviction of a tenant and filing lis pendens, their brief and the record before us fail to establish under what cause or causes of action these damages arise from. EEE and Mazaheri's attorney had the following exchange with the trial court while discussing the jury charge:

| | |
|---|---|
| Trial Court: | Are there any other issues outstanding for the charge other than the fees, that we're trying to figure out how to divvy those up? |
| Mr. Cevallos: | Yeah. I think – I've thought about it, and I just don't see a way to parse that out based on what's already in evidence. I think It's going to end up being the money from the bank and the late fees in terms of the damages as to the theft. |
| The Court: | Yeah, because the testimony wasn't specific enough as to this portion. |
| Mr. Cevallos: | Correct. |

This concession makes clear that the damages EEE and Mazaheri claim arise from the theft are (1) the money stolen from the First Chase Account and (2) the mortgage late fees. However, it remains unclear what cause or causes of action EEE and Mazaheri's rely on to claim their damages resulting from evicting the tenant and filing lis pendens.

"Absent a cause of action, damages are not recoverable." *Clutts v. S. Methodist Univ.*, 626 S.W.2d 334, 337 (Tex. App.—Tyler 1981, writ ref'd n.r.e.). Thus, because we are "not responsible for doing the legal research that might support a party's contentions," we conclude that EEE and Mazaheri waived any arguments related to these damages. *In re L.S.*, 2011 WL 4828016., at *2.

1.2.3    EEE and Mazaheri's Factual Sufficiency Challenge

Turning to EEE and Mazaheri's factual sufficiency challenge, we examine all the evidence and set aside the verdict "only if it is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust." *City of Keller*, 168 S.W.3d at 826 (citations omitted)

While there is some evidence that indicates EEE and Mazaheri incurred damages as a result of James Rosenblatt's theft, specifically, Mazaheri's testimony that EEE was charged late fees during the period when its First Chase Account was depleted and that $12.95 was never returned to EEE's First Chase Account, we do not find that the evidence supporting the same is so weak that justice can only be done by overturning the same and ordering a new trial. Consequently, we find that the evidence is factually sufficient to support the jury's and trial court's findings.

In conclusion, we hold that the evidence presented below was legally and factually sufficient to support the jury's verdict. We also hold that the evidence was legally and factually sufficient to support the trial court's granting of Rosenblatts' directed verdicts. Accordingly, we will not intrude upon the jury's verdict or reverse the trial court's granting of directed verdicts when there is legally and factually sufficient evidence to support those findings. We overrule EEE and Mazaheri's first issue.[9]

2.    The Rosenblatts are the Prevailing Parties Entitled to Attorney's Fees under the TTLA

In their final issue, EEE and Mazaheri argue that the Rosenblatts are not prevailing parties under the TTLA entitled to their attorney's fees and court costs. We overrule this contention.

"Texas law [does] not allow[ the] recovery of attorney's fees unless authorized by statute or contract." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006). The TTLA provides that "each person who prevails in a suit under [the TTLA] shall be awarded court costs and reasonable and necessary attorney's fees." TEX. CIV. PRAC. & REM. CODE § 134.005(b). "The TTLA statute does not contain a definition of 'prevails' to assist in determining who qualifies as a prevailing party." *Arrow Marble, LLC v. Estate of Killion*, 441 S.W.3d 702, 706 (Tex. App.—

---

[9] Because we overrule EEE and Mazaheri's first issue, we need not reach their second issue of whether they were the "prevailing party" entitled to their reasonable and necessary attorney's fees and costs. *See* TEX. R. APP. P. 47.1.

Houston [1st Dist.] 2014, no pet.) (citation omitted). Thus, courts have looked at the plain and ordinary meaning of such term and decided that it includes both: a plaintiff that successfully prosecutes their TTLA claim and a defendant who successfully defends against one. *Id.*; *N & A Props., Inc. v. PH Steel, Inc.*, 656 S.W.3d 556, 575 (Tex. App.—El Paso 2022, no pet.); *Hotze v. IN Mgmt., LLC*, 651 S.W.3d 19, 31 (Tex. App.—Houston [14th Dist.] 2021, pet. denied).

In *KB Home*, the Supreme Court of Texas asserted that before a party is entitled to recovery attorney's fees, they "must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages." *Intercontinental Group P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 657 (Tex. 2009) (internal quotation marks omitted). While not reaching the question, the Court acknowledged that this requirement may be different if a defendant prevails "by remitting no damages." *Id.* at 657. In *Rohrmoos*, the Supreme Court of Texas answered the question posed in *KB Home* and ruled that a party can be declared the prevailing party "by successfully defending against a claim and securing a take-nothing judgment on the main issue or issues in [a] case." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 486 (Tex. 2019).

In this case, the TTLA claims were resolved in two ways: (1) directed verdict in favor of the Rosenblatts, and (2) the jury's take nothing verdict. The Rosenblatts prevailed in relation to Mazaheri's TTLA claim since the trial court granted their motion for directed verdict disposing of this claim. *See Sargent v. Smith*, 863 S.W.2d 242, 248 (Tex. App.—Beaumont 1993, no writ) (holding that "a directed or instructed verdict is warranted only when the entire record shows that no other verdict could have possibly been rendered . . . and that the *winning party* was and is entitled to judgment as a matter of law." (emphasis added)). With regards to Jennifer Rosenblatt and the Rosenblatt Law Firm, they prevailed against EEE's TTLA claim since the jury verdict did

not find that they committed a theft against EEE. Finally, in accordance with *Rohrmoos*, James Rosenblatt prevailed against EEE's TTLA claim since he secured a take nothing judgment. 578 S.W.3d at 486.

Because the Rosenblatts successfully defended against the TTLA claims raised against them, we overrule EEE and Mazaheri's third issue. *See Arrow Marble, LLC*, 441 S.W.3d at 705.

## CONCLUSION

Accordingly, we affirm the judgment.

Velia J. Meza, Justice